(No. 21129.
.JEFFERSON S. BUSH, Appellant, *vs.* NATHAN MATHES, Appellee.

*Opinion filed February 19, 1932.*

TERRY, GUELTIG & POWELL, for appellant.

M. R. SULLIVAN, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The Appellate Court for the Fourth District reversed, without remandment, a judgment of the circuit court of Madison county for $1000 in favor of Jefferson S. Bush against Nathan Mathes, doing business as Tri-City Finance Company, and granted a certificate of importance and an appeal to this court.

The declaration consisted of a single count in case, alleging that the plaintiff was employed as a car inspector by the Chicago and Eastern Illinois Railway Company and was an honest, hard-working and good citizen of deservedly good credit and standing among his employers, neighbors and friends, whereby he daily acquired gains and profits by the wages earned, yet the defendant, well knowing the premises but wickedly contriving and maliciously intending to injure him in his good name and credit and knowing the policy of the railway company to be not to employ or continue in its employment any person who does not pay his honest debts but permits his wages to be garnisheed, on March 17, 1930, made and served on the railway company a paper commonly known as a demand in garnishment, demanding of the company more than $200 out of moneys then due or to become due to the plaintiff as wages, pursuant to the law in regard to garnishment, and thereby notified the railway company, as the employer of the plaintiff, that pursuant to the service of the demand it was required to hold all moneys due or earned by the plaintiff on said date, and for five days thereafter, subject to garnishment; that though the defendant had formerly brought a suit against the plaintiff no judgment had ever been entered against him in any such suit nor had any execution upon any such purported judgment ever been issued or served upon him, but all suits brought by the defendant against him had terminated in favor of the plaintiff; that notwithstanding the service of the demand in garnishment no garnishment suit was ever commenced or judgment therein ever entered in favor of the defendant against the plaintiff; that upon service of the demand on the railway company the wages of the plaintiff were held and retained by the employer and the plaintiff was told by his employer that he would not be permitted to work during the five days mentioned in the notice therein and he was thereupon suspended or discharged, subject to re-instatement or in-

vestigation of the claim of the defendant against him; that by reason of the premises he was greatly injured in his good name and credit and was deprived of great gains and profits and the opportunity to continue in his employment unmolested, and was compelled to suffer humiliation as well as expense in obtaining advice as to his rights and means of preventing the annoyance, and sustained damages, direct and exemplary, of $5000. A demurrer by the defendant was overruled and he pleaded the general issue.

Section 14 of the Garnishment act, as amended in 1925, (Laws of 1925, p. 427,) provides: "Before bringing suit a demand in writing shall be served upon the employer and upon the employee for the excess above the amount herein exempted." The instrument here relied on by the plaintiff as the demand in garnishment, the service of which caused the damage for which he sued, was put in evidence. It was a printed form, having at the head the words, "Demand in garnishment, act of 1901," was dated March 17, 1930, and was addressed to "Mr. Jefferson S. Bush, wage earner, and Chicago and Eastern Illinois Railway Company, employer." Following the date and address the instrument proceeded: ".......... hereby demand of you the sum of $200, plus interest from September 1, 1928, out of moneys now due or which may become due to .......... as wages in excess of legal exemption," etc. It was signed, "Tri-City Finance Company." The demand was prepared by Mathes and signed by him in his trade name. The demand was of Bush, wage earner, and the railway company, employer. It was a demand for the sum of $200, plus interest, out of the unexempt wages of ".............." Clearly it did not concern the appellant's wages, and no damage could have resulted to the appellant because of it.

The so-called demand in garnishment was received on March 29, 1930, through the mail, by W. H. Whitcomb, agent for the railway company at the Mitchell yards. Upon its receipt the agent telegraphed to Richmond, the general

solicitor, and forwarded the demand the same day. The pay checks for the first half of March were due April 1. The appellant's check was not among them. His boss, R. M. Kirby, told him that he had a letter there to pull any man out of the service when his check was tied up. Kirby testified: "When a fellow is garnisheed very often, in most cases in just a day or so I get a wire to take him out of the service until it is settled, but I don't take the man out until I get that wire. I didn't get a wire to take Bush out. He never was taken out of the service." Bush testified: "I don't think I worked on the first of April, but I don't remember exactly. I did not work on April 2. I worked on April 3." He figured that Kirby had orders to pull him out of the service. "I told him I wasn't going to work that day. He didn't pull me off and he didn't send me home. I went home. I didn't work the next day. * * * I figured it was no use working if my check was tied up. I figured if I went to work I might get canned." He lost no other work. From this it appeared that what loss of work appellant suffered was of his own motion. He could have worked but chose not to do so. The railway company did not suspend him because of its receipt of the so-called demand in garnishment. No grounds for recovery could have grown out of these facts even if there had been a demand, under the statute, concerning appellant's wages.

Appellant's pay check was delayed until April 4, when it was delivered to him. In the meantime the grocer with whom he dealt had notified his wife on April 2 by letter that he could extend no further credit, and appellant a number of times afterward, and in the latter part of April following, tried to borrow small sums from various of his associates, but they told him that they did not have it. It did not appear that the appellant's associates refused to lend him money because his check had been delayed from April 1 to April 4. The only consequences shown by the

evidence were the loss of the use of his money for four days and the denial of further credit by the grocer.

In addition to requiring service of the demand in writing upon the employer and employee, section 14 of the statute, which has already been referred to, requires such service twenty-four hours before bringing suit, the filing with the justice of the peace or clerk of the court of copies of the notice, having indorsed thereon the time and manner of such service, and a return, duly sworn to, before the issue of summons, and declares any judgment rendered without such demand being served upon the employee and so proved and filed shall be void. These things are made conditions precedent to the right to the writ of garnishment and to the jurisdiction of the court or justice to issue a summons or hear the cause. The demand is not process, which is the means employed to compel the defendant to appear in court, but it is a necessary act to perfect the cause of action, and must be proved on the trial of the garnishment proceeding the same as any other fact in the case. It is unnecessary to consider whether the service of a demand upon an employer under section 14 of the Garnishment act which results in the withholding of the wages of an employee can be made the basis of an action against the person serving the demand. No such demand was served. The paper attempted to be served was void. It did not demand the wages of Bush in excess of the amount exempted. It was not served on the railway company in the manner required by the statute, which was by delivery of a copy to the employer or his agent, and the record does not show service in any manner on the employee. The name of the person whose money was demanded was not given. The notice was void and was so treated by the employer, which did not hold the wages.

There was no prosecution of any suit against the appellant, malicious or otherwise. No suit was ever begun against him. The notice was wholly void. In *Norin* v.

*Scheldt Manf. Co.* 297 Ill. 521, a distinction was drawn between a petition in bankruptcy and an ordinary suit at law, and it was held that the nature and effect of a bankruptcy proceeding were such that for the malicious prosecution of the latter proceeding without probable cause an action might be maintained. In the present case no suit of any kind was begun, there was no abuse of the process of the court, and there was nothing which justified the employer in holding the wages of the appellant.

The circuit court should have given the instruction to find a verdict of not guilty at the close of the plaintiff's case.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*