**NORTH AMERICAN PLYWOOD CORPORATION, a New York corporation, Plaintiff-Appellant,**

v.

**OSHKOSH TRUNK & LUGGAGE CO., a Wisconsin corporation, Joseph H. Plotkin and Samuel D. Plotkin, Defendants-Appellees.**

**No. 12441.**

United States Court of Appeals Seventh Circuit.

Feb. 17, 1959.

544

Lawrence E. Fleischman, Carroll Teller, Chicago, Ill., for appellant, Teller

Levit & Silvertrust, Chicago, Ill., of counsel.

Sherwin J. Stone, Maurice G. Shanberg, Chicago, Ill., for appellees, Marshall & Marshall, Chicago, Ill., of counsel.

Before DUFFY, Chief Judge, and SCHNACKENBERG and KNOCH, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Plaintiff, North American Plywood Corporation, a New York corporation, brought a tort action for damages against defendants, Oshkosh Trunk & Luggage Co. (herein referred to as Oshkosh), a Wisconsin corporation, Joseph A. Plotkin and Samuel D. Plotkin.

The district court sustained defendants' motion to dismiss plaintiff's amended complaint and entered judgment for defendants, from which plaintiff has appealed. The controlling facts, as set forth in count I of the amended complaint, are as follows:

The defendants Plotkin at all times relevant herein were the managing officers of both Oshkosh and Indestructo Trunk & Luggage Co., an Illinois corporation (herein referred to as Indestructo); the latter ordered plywood from plaintiff which made delivery thereof to Indestructo, whereupon a part of said plywood was diverted and shipped to Oshkosh; that neither Indestructo nor any of the defendants paid plaintiff for any of the plywood; that, at the time of the sale and prior thereto, Indestructo was hopelessly insolvent and unable to meet its obligations as they became due, all of which was known to defendants; that when the purchase order was taken by plaintiff, the defendants Plotkin

"represented that they would see to it that the shipment would be paid for by Indestructo or that they individually would pay said account, that the Plotkin companies always took care of their affiliates, that Indestructo and Oshkosh were affiliate Plotkin companies; and made further and repeated assurances and representations that said account

would be paid in one or another of the aforesaid manner;"

that the said assurances and representations were, and known to defendants to be, false and fraudulent, and were made with intent to deceive and defraud plaintiff, and with intent to induce the said sale, and to deprive plaintiff of its merchandise without payment therefor. Plaintiff believed and relied on the said "assurances, promises and representations of the defendants" when delivering the plywood; that the purchase was made with deliberate attempt not to pay therefor; and the purchase and diversion thereof to Oshkosh was a scheme and device of defendants to defraud plaintiff; that shortly after the delivery an involuntary petition in bankruptcy was filed against Indestructo, which admitted its insolvency and consented to an order of adjudication as a bankrupt.

In count II, the amended complaint adopted the statement of the aforesaid facts as set out in count I, and added the following:

The aforesaid facts constituted a scheme and device whereby Oshkosh obtained merchandise without payment therefor, defrauded plaintiff, and unjustly enriched Oshkosh, which knew or should have known that Indestructo could not and did not intend to pay for same; that the plywood was obtained through false and fraudulent representations that payment would be made therefor, and that Oshkosh did not intend to pay; whereby Oshkosh falsely and fraudulently conspired with Indestructo to acquire the plywood without payment therefor, and participated in and accepted the benefits of the false and fraudulent conduct of Indestructo, whereby plaintiff asked judgment against Oshkosh for the part of the plywood which was delivered to it.

■ We believe that the district court properly dismissed count I. This being an action in tort, and not one in contract, we are not concerned with the enforcement of a promise by defendants. If the action were based in as-sumpsit, obviously defendants would have relied upon a defense based upon the statute of frauds. This is an action in tort based upon a charge of false representations. However it is the law of Illinois that a false representation must be a representation as to an existing or past fact and not a mere promise to do some act in the future. A failure to comply with a future promise does not constitute fraud. The general rule is that to amount to fraud there must be a willful, false representation as to an existing or past fact. Brodsky v. Frank, 342 Ill. 110, 117, 173 N.E. 775.

■ As to the alleged fact that the defendants Plotkin said that the Plotkin companies always took care of their affiliates and that plaintiff's account would be paid in one or another manner, we have here statements, not of present or past events, but of future or contingent events, expectations and probabilities, which according to Illinois law, do not generally constitute fraudulent misrepresentation or deceit but are regarded as mere expressions of opinion or mere promises or conjectures upon which the other party has no right to rely. Hayes v. Disque, 401 Ill. 479, 488, 82 N.E.2d 350.

■ As to count II, it is apparent that it is substantially a restatement of count I with the addition of a charge of conspiracy. However, in effect the Illinois courts have held that a defective count in tort cannot be made effective merely by injecting into it a charge of a conspiracy to commit the tortious acts alleged. Pustelniak v. Vilimas, 352 Ill. 270, 277, 185 N.E. 611; Lasher v. Littell, 202 Ill. 551, 554, 67 N.E. 372; Montgomery Ward and Co. v. United Retail, Wholesale and Department Store Employees, etc., 330 Ill.App. 49, 69, 70 N.E. 2d 75. Also to the same effect, see 15 C.J.S. Conspiracy § 25, p. 1037.

We, therefore, conclude that count II does not state a cause of action.

For the aforesaid reasons, the judgment of the district court is affirmed.

Affirmed.