Charlie Mae Ammons, Plaintiff-Appellant, v. Jet Credit Sales, Inc., a Corporation; R. H. Murphy, Martin C. Ashman, and Aaron Jaffe, Individually and d/b/a Ashman & Jaffe, a Co-partnership; Mort Pozen, Also Known As Mort Pozansky, Jack Friedman and Jesse Ammons, Defendants-Appellees.

Gen. No. 48,416.

First District, Third Division.

February 7, 1962.

456

Leonard E. Handmacher, of Chicago (Sidney Z. Karasik, of counsel), for appellant.

Ashman & Jaffe, of Chicago, for appellees.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

This case arises from a garnishment demand which was served upon the plaintiff and her employer before any judgment was obtained against the plaintiff. Later, judgment was entered by confession notwithstanding the fact that the defendant, the Jet Credit Sales, Inc., had been informed that the plaintiff was not indebted to it and that any contract or note held by it purporting to be signed by her was a forgery.

The plaintiff filed this action for damages against the Jet company, its agents and attorneys alleging, in her amended complaint, that because of the garnishment demand her employer withheld her wages for one week, her employment was jeopardized, and she was forced to employ counsel to defend herself; and that because of the confessed judgment her credit standing was impaired. She charged that the defendants were guilty of willful and malicious conduct and that they conspired to injure her.

The defendants moved to strike the amended complaint on the ground that it did not state a cause of action. The trial court sustained their motions. The plaintiff elected to stand on the amended complaint, the court dismissed her suit and she has appealed.

The amended complaint further alleged that the plaintiff had been employed for more than 12 years by Oscar Mayer & Company; that she was of good repute and credit and never had any valid garnishment filed against her; that on July 22, 1959, when this garnishment demand was served she notified the defendant R. H. Murphy, the company's agent, that she was not indebted to it; that Murphy informed her that she and Jesse Ammons had made a purchase from the company on May 9, 1959, and had signed an installment contract and a judgment note; that Jesse Ammons was her husband from whom she had been separated for a long time prior to May 9th, and that she informed Murphy and the defendant Jet Credit Sales that she had made no purchase and had signed neither contract nor note; she exhibited her genuine signature, asked that it be compared with her purported one and requested a letter to her employer authorizing the release of her check; that the defendants refused the letter and referred her to their attorneys, the defendants Martin Ashman and Aaron Jaffe.

It is further alleged that on the same day her attorney informed Ashman and Jaffe that the garnishment demand had been issued and served without a judgment having been obtained and that her purported signature was a forgery; that two days later, despite this notice, the defendants Ashman and Jaffe filed a statement of claim in the Municipal Court and obtained a judgment by confession against her on July 28, 1959; that the defendant Pozen, the agent of the corporate defendant, signed an affidavit, which was part of the statement of claim, and that the defendant Jack Friedman, also an agent, notarized it, both knowing that the facts alleged were untrue.

It is the plaintiff's position that her amended complaint states four causes of action: (1) malicious use

of process, (2) abuse of process, (3) an action in tort other than for malicious use or abuse of process and (4) conspiracy. We shall examine each of these points in relation, as need be, to the two acts complained about: (a) the garnishment demand and (b) the judgment by confession.

■ Initially, it may be well to determine if the garnishment demand, which was not issued out of a court, was legal process at all. In Bush v. Mathes, 347 Ill 371, 179 NE 866, our Supreme Court stated that, "The demand is not process, . . ." In the instant case it was not a necessary step in acquiring jurisdiction over the plaintiff or her employer. Ogdon v. Gianakos, 415 Ill 591, 114 NE2d 686. There was no authority in law for this demand; it was irregularly issued; it preceded the judgment instead of following it as the statute required. It was not only out of correct sequence, it was legally insufficient on its face in that it did not contain certain requisites (such as the number of the case in which the supposed judgment was had) which are required by the statute. Ill Rev Stats 1959, c 62, §§ 33 and 34. The demand was not legal process.

■ Malicious use of process is but another name for malicious prosecution. Generally, an action for the malicious prosecution of a civil suit without probable cause will not lie, where the process in the suit so prosecuted is by summons only and is not accompanied by the arrest of the person, the seizure of property, or other special injury to the defendant, not necessarily resulting in all suits prosecuted to recover for like causes of action. Norin v. Scheldt Mfg. Co., 297 Ill 521, 130 NE 791; Smith v. Michigan Buggy Co., 175 Ill 619, 51 NE 569; Schwartz v. Schwartz, 285 Ill App 560, 2 NE2d 751. In civil cases where actions for malicious prosecution do lie, one of the essentials which must be established is the legal

461

termination of the prosecuted suit in the plaintiff's favor. Ruehl Bros., Brewing Co. v. Atlas Brewing Co., 187 Ill App 392; Brandt v. Brandt, 286 Ill App 151, 3 NE2d 96. In the present case there is no averment that the judgment against the plaintiff was vacated or even that she moved to have it vacated. No cause of action was stated for malicious use of process.

Abuse of process (or malicious abuse of process) is the misuse of proper process to effect an object not within its proper scope. It differs from malicious use of process in that the latter is the starting of process without probable cause, a prosecution upon a demand or accusation that has no foundation in fact. Jeffery v. Robbins, 73 Ill App 353. The mere institution of a proceeding, even with a malicious motive, does not constitute an abuse of process.

There are two essentials in an action for abuse of process: (1) the existence of an ulterior purpose and (2) an act in the use of legal process not proper in the regular prosecution of the proceedings. Dixon v. Smith Wallace Shoe Co., 283 Ill 234, 119 NE 265; Bonney v. King, 201 Ill 47, 66 NE 377. Instead of inquiring into the validity of the fictitious judgment, as was its duty (Chiaro v. Lemberis, 28 Ill App2d 164, 171 NE2d 81; O'Toole v. Helio Products Co., Inc., 17 Ill App2d 82, 149 NE2d 795) the plaintiff's employer chose to honor the demand and withheld her salary until the defendants authorized its release. The withholding of wages is the normal consequence of a demand in garnishment. There was no charge in the amended complaint that the demand was for any other purpose or that it was used to coerce the plaintiff to do something foreign to the main objective of any garnishment proceeding. The purpose of the demand and the purpose of the confession of judgment were to collect the supposed indebtedness.

462

They were not used to effect some private purpose which was outside the scope of the proceeding itself. There was no abuse of process in this case. Coplea v. Bybee, 290 Ill App 117, 8 NE2d 55.

 The plaintiff's third point, that her amended complaint states a cause of action in tort other than for malicious use or abuse of process, is twofold. The first is that emotional distress, intentionally inflicted, is tortious and recoverable (Knierim v. Izzo, 22 Ill2d 73, 174 NE2d 157). But the difficulty with this contention is that the amended complaint says nothing about emotional distress or mental anguish and makes no claim for recovery on this basis.

 The second contention is that malicious and wrongful impairment of property is actionable independent of any specific remedy. We believe that it is not too important what label is given a complaint or its contents if the facts alleged state a cause of action. This complaint states that the plaintiff's credit was maliciously impaired and her employment jeopardized, and asks for punitive damages on this basis and requests compensation for the expenses she incurred in defending herself. In considering this second contention, which seems to us to have merit, we are immediately confronted with the opinion of the Supreme Court in Bush v. Mathes, cited above. In Bush, where the facts were similar to those in this case, the court held that there was no cause of action for serving a void demand, and affirmed the judgment of the Appellate Court (Bush v. Mathes, 262 Ill App 669) which had reversed a judgment for the plaintiff. The plaintiff's wages had been delayed four days and his grocer had refused him further credit because of the service of a garnishment demand which was improper in form and which had been served without a judgment

having been obtained. In the course of its opinion the Supreme Court stated:

> "It is unnecessary to consider whether the service of a demand upon an employer under section 14 of the Garnishment Act which results in the withholding of the wages of an employee can be made the basis of an action against the person serving the demand. No such demand was served. The paper attempted to be served was void."

In this case, as well as in the Bush case, the so-called demand was "wholly void." The demand we are considering was dated July 21, 1959, and was served on July 22, 1959. The significance of these dates is that the statute which was in effect on July 21st was repealed and replaced as of July 22nd. The information required in a garnishment demand was different on the two days. Ill Rev Stats 1957, c 62, §§ 1 to 32; Ill Rev Stats 1959, c 62, §§ 33 to 52. The demand was in the correct form for the day it was dated but it was not in the correct form for the day it was served. This change in the law and the altered requirement as to the contents of the demand may explain the treatment accorded it by the employer.

In support of the second contention under her third point, the plaintiff relies upon Lawrence v. Hagerman, 56 Ill 68. A judgment for Hagerman was sustained in his action on the case to recover damages for a wrongful suing out of a writ of attachment which was levied upon his goods and which resulted in injuring his business and his credit. The Hagerman case differs from the present one in several ways: there was no probable cause for the writ of attachment; the process was issued by a court and its legality was not questioned; the plaintiff's property was seized and his suit against the defendant was for malicious prosecution. However, in another case, Foley Brokerage

Co. v. Feldman Bros. Commission, Inc., 330 Ill App 372, 71 NE2d 354, the recovery of damages was approved for the wrongful garnishment of a party's funds. In Foley, a garnishment suit had been started, the garnishment summons was the court's process and it was not void upon its face. In these respects Foley differs from the Bush case, which we are obliged to follow.

█ █ The amended complaint charges that the defendants conspired to injure the plaintiff. It is urged as the plaintiff's fourth point that the charge of conspiracy is sufficient to sustain a cause of action. The theory of this argument seems to be that the plaintiff was injured as a result of a conspiracy and that conspiracy itself can be actionable in tort. This argument is not tenable. In a civil case the wrongful acts alleged to have been done in pursuance of a conspiracy, and not the fact of the conspiracy itself, is the gist of the action for damages. Hardy v. Bankers Life & Cas. Co., 19 Ill App2d 75, 153 NE2d 269; Seno v. Franke, 16 Ill App2d 39, 147 NE2d 469. The charge of conspiracy is merely an aggravation of the alleged wrongful acts; it serves the purpose of associating all the defendants with the acts done, and the declarations made, by any one of the defendants in pursuance of the conspiracy. 11 ILP Conspiracy, sec 32. Inasmuch as the acts of the defendants in this case were neither criminal nor civil wrongs for which damages can be recovered, the charge of conspiracy adds nothing to the amended complaint.

The amended complaint stated no cause of action and the order of the Circuit Court will be affirmed.

Affirmed.

McCORMICK, P. J. and SCHWARTZ, J., concur.