Walter March and Joan S. March, Plaintiffs-Appellants, v. John B. Cacioppo, Harry Pikowsky and Edward P. Cremerius, Defendants-Appellees.

Gen. No. 48,635.

First District, Third Division.

September 19, 1962.

236

237

238

Leonard E. Handmacher, of Chicago (Sidney Z. Karasik, of Chicago, of counsel), for appellants.

H. Pikowsky and E. P. Cremerius, of Chicago, for appellees.

MR. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

The defendant, John Cacioppo, was the landlord of the plaintiffs. He confessed judgment against one of them, Walter March, on his lease and, after obtaining judgment, garnisheed their joint bank account. The plaintiffs thereafter brought this action for damages alleging abuse of process, malicious use of process, injury to reputation, credit and property, intentional infliction of emotional distress and invasion of privacy. The action was brought against Cacioppo, his attorney Harry Pikowsky, who confessed the judgment and handled the garnishment, and Edward Cremerius, the attorney who acted for Walter March in confessing judgment. The defendants' motions to strike the complaint because it did not state a cause

of action were sustained. The plaintiffs elected to stand on the complaint. Their suit was dismissed and they have appealed.

According to the complaint, Cacioppo, on November 9, 1960, filed a complaint and cognovit on a lease in which he charged that his tenant, Walter March, had not paid rent of $175 which was due on November 1st; that March was about to vacate his apartment and was refusing to pay rent of $1,050.00 for the period from December 1, 1960 to May 31, 1961, the duration of the lease. Attorney fees were allowed in the sum of $145, and the total judgment was $1,370. The joint bank account of Mr. and Mrs. March was then garnisheed.

██ The complaint further alleged (and these facts are of especial significance because the motion to strike admitted them) that on motion of Walter March, made January 5, 1961, the judgment was reduced to $175 and the attorney fees and costs were cut to $33.75, the judgment of $175 was opened up and leave was given to March to appear and defend; that the Marches had deposited $175 with Cacioppo when they became his tenants; that there was a lease but they had not signed it; that on or about November 1, 1960, they and he agreed that the lease would be rescinded, that they would move from the premises by November 30th, and that the $175 deposit would be retained by him as rent for the month of November; that despite this agreement he wrongfully stated in his complaint that they owed rent for November; that he confessed judgment for rent in futuro although the lease contained no acceleration clause, and that the garnishment of their bank account deprived them of the use of $1,397.50 from the middle of November 1960 to January 5, 1961, the date the judgment was reduced.

240

The plaintiffs charged that the three defendants conspired to injure them and were thereby guilty of malicious and wilful conduct. They prayed for actual damages, sustained by reason of the expenses that they were put to in employing counsel and otherwise, and for punitive damages because of the deliberate injury inflicted upon them.

██ A second count directed against Cacioppo alone, charged that by his acts he invaded their privacy and intentionally inflicted severe mental suffering and emotional disturbance upon them. We do not think that the complaint states a cause of action for invasion of privacy. Whether a good cause of action is stated for intentionally inflicting mental suffering is a more difficult question to resolve. This is a new tort in Illinois, recognized for the first time in Knierim v. Izzo (1961), 22 Ill2d 73, 174 NE2d 157, and objective standards by which the sufficiency of a complaint can be judged have not been developed. In the Knierim case it was held that a widow could maintain an action against the murderer of her husband for mental anguish resulting from a threat to kill her husband and the subsequent fulfillment of the threat. The facts in the cases cited in Knierim from jurisdictions permitting this action vary from those in Savage v. Boies, 77 Ariz 355, 272 P2d 349, where an officer in accomplishing an arrest falsely represented to a mother that her seven months old child was in the hospital as the result of critical injuries suffered in an automobile accident, to those in LaSalle Extension University v. Fogarty, 126 Neb 457, 253 NW 424, where there were threats to sue the plaintiff and to appeal to his employer to collect a debt. In Knierim the court cautioned against permitting every emotional upset to constitute the basis of an action and said:

241

"Indiscriminate allowance of actions for mental anguish would encourage neurotic overreactions to trivial hurts, and the law should aim to toughen the psyche of the citizen rather than pamper it. But a line can be drawn between the slight hurts which are the price of a complex society and the severe mental disturbances inflicted by intentional actions wholly lacking in social utility."

The criterion set by the court was the reaction of a person of "ordinary sensibilities." The court said:

"The 'reasonable man' seems to be well known to jurors and we expect that they will also be acquainted with the 'man of ordinary sensibilities.' Whether the aggressive invasion of mental equanimity is warranted or unprovoked, whether it is calculated to cause severe emotional disturbance in the person of ordinary sensibilities, and whether there was special knowledge or notice are all questions that will depend on the particular facts of each case. We are confident, however, that the trial judges in this State will not permit litigation to enter the field of trivialities and mere bad manners."

■ In determining if the pleaded facts in this case warrant a cause of action for what is said in the complaint to be "severe emotional and mental disturbances with residual physical manifestations," we must apply the facts to our concept of the "man of ordinary sensibilities." An allegedly void or exorbitant judgment was obtained against one plaintiff and the bank account of both plaintiffs was garnisheed for a considerable period of time, a period which included the Christmas season, when deprivation of one's funds could bring about more than just financial embarrassment. No other facts were pleaded.

Emotional distress would vary with individuals subjected to the same exposure. It would be easier to evaluate the degree of the exposure and the depth of the distress if this case were being reviewed after evidence and trial rather than upon an order of dismissal. In the absence of evidence it is necessary to appraise the circumstances purporting to give rise to the distress. We do not believe that the distress which would be suffered by a person of ordinary sensitiveness from the facts related would be the severe mental disturbance contemplated by the Knierim decision. The trial court correctly dismissed count II.

 The remaining three causes of action are urged against Cacioppo and the two attorneys. The first of these is abuse of process. Abuse of process, sometimes called malicious abuse of process, is the misuse of legal process to accomplish some purpose outside the proper scope of the process itself. There are two essentials to an action for abuse of process: an ulterior purpose and an act in the use of legal process not proper in the regular prosecution of the proceedings. Dixon v. Smith-Wallace Shoe Co., 283 Ill 234, 119 NE 265; Bonney v. King, 201 Ill 47, 66 NE 377; Ammons v. Jet Credit Sales, Inc., 34 Ill App 2d 456, 181 NE2d 601. Confession of judgment and the institution of garnishment proceedings are normal procedures in the collection of an indebtedness. The complaint does not charge an ulterior purpose or that either judgment or garnishment was used to effect an objective not within their proper scope, such as an attempt to force the plaintiffs to do something other than to pay their supposed debt. There was no abuse of process in this case.

 The second cause of action alleged in the complaint is said to be malicious use of process. As was stated in Ammons v. Jet Credit Sales, Inc.,

supra, malicious use of process is but another name for malicious prosecution. It was further stated that:

> "Generally, an action for the malicious prosecution of a civil suit without probable cause will not lie, where the process in the suit so prosecuted is by summons only and is not accompanied by the arrest of the person, the seizure of property, or other special injury to the defendant, not necessarily resulting in all suits prosecuted to recover for like causes of action. Norin v. Scheldt Mfg. Co., 297 Ill 521, 130 NE 791; Smith v. Michigan Buggy Co., 175 Ill 619, 51 NE 569; Schwartz v. Schwartz, 285 Ill App 560, 2 NE2d 751. In civil cases where actions for malicious prosecution do lie, one of the essentials which must be established is the legal termination of the prosecuted suit in the plaintiff's favor. Ruehl Bros., Brewing Co. v. Atlas Brewing Co., 187 Ill App 392; Brandt v. Brandt, 286 Ill App 151, 3 NE2d 96."

Other essentials are the malicious motives of the defendants and the lack of probable cause, "a prosecution upon a demand or accusation that has no foundation in fact." Ammons v. Jet Credit Sales, Inc., supra; Ruehl Bros. Brewing Co. v. Atlas Brewing Co., supra; Brandt v. Brandt, supra; Shelton v. Barry, 328 Ill App 497, 66 NE2d 697.

In considering whether an action for malicious use of process lies under the present complaint we must keep in mind certain facts which were admitted by the motion to strike: that no lease was signed by the Marches; that it had been agreed that the unsigned lease would be rescinded; that the lease contained no acceleration clause; that the judgment for the rent to the end of the lease, $1,050, was vacated and that the garnishment included this amount.

 If the lease was not signed by Walter March, there could be no confession of judgment against him. A judgment cannot be confessed without the signed authorization of the debtor. Wolf v. Gaines, 33 Ill App2d 428, 179 NE2d 466. If the unsigned lease was rescinded or if it contained no acceleration clause, obtaining judgment for the unaccrued rent was palpably unjustified. If the garnishment demand included the $1,050, it was knowingly excessive. If the judgment for the rent to the end of the lease was set aside, it was a termination favorable to the plaintiffs on an integral part of the litigation. The wrongful garnishment was an unwarranted seizure of property not done to secure the defendant's debt, and the whole course of action, judgment and garnishment, constituted special injustice to the plaintiff not resulting in all suits prosecuted for like causes of action. Probable cause was clearly lacking; it cannot be said that the defendants acted as reasonably prudent men would have in like circumstances. Malice was clearly present; the defendants intentionally committed wrongful acts without legal justification.

 All the essentials needed to sustain an action for malicious use of process are present with the possible exception of the favorable termination of the prior suit—the judgment for $175 has been opened up and is still pending. If this judgment is sustained the entire suit will not have ended in the Marches' favor. There has been, however, a final and favorable determination of a substantial portion of the suit. The suit, under the factual situation prevailing, is divisible into two parts: the rent for the month of November and the rent for the following six months. The former is still in controversy; the latter has been resolved. It would not be just to hold that the defendants must be absolved from liability simply because

245

a small part of their suit might end in judgment for them, when the far larger part, the equivalent of a separate claim, has been decided against them, and when there is reason to believe that this separate claim was prosecuted with malice and without probable cause. In Prosser on Torts, 2nd Ed (1955), sec 99, the author states the same principle in reference to a subordinate phase of a suit:

"Ordinarily the plaintiff must prove the termination of the former proceeding in his favor. But there are necessary exceptions . . . [as in] proceedings ancillary to a civil suit, such as attachment or arrest under civil process, as to which, if they are themselves unjustified, it is unnecessary to show a favorable termination of the main action."

We have found four reasons given for the rule that the plaintiff must show that the prior proceeding, civil or criminal, has terminated in his favor. The four are these:

(1) "One [reason for this] is that a conviction of the accused is sufficient to establish that there was probable cause for the prosecution"; Prosser, Torts, 2nd Ed (1955), sec 98.

As far as the present complaint reveals there will be no verdict against the plaintiffs for future rents. A ruling has been made in favor of the plaintiffs. This and the admitted factual allegations establish that there was not probable cause.

(2) "; the other [reason is] that in the malicious prosecution action the plaintiff cannot be permitted to make a collateral attack upon the criminal judgment . . ." Prosser, ibid.

The instant case is not a collateral attack upon a previous judgment of decision of the court. It is

246

not an effort to retry the case. The plaintiff is satisfied with the court's decision vacating the judgment for unaccrued rents, not grieved by it. The right of action he is urging is based upon that decision.

(3) "Until a complaining party has shown that the action against him was unsuccessful, he has not shown that he has suffered any damage." 18 RCL, Malicious Prosecution, sec 11.

This does not apply to the present case. The plaintiff has shown that the action against him for the rents in futuro was unsuccessful; and he has shown that because of the excessive judgment and garnishment he suffered damage.

(4) "If he [the plaintiff] were permitted to sue before he had won the first suit, he might secure a recovery for the bringing of an action which the court entertaining such cause found to be well brought." 18 RCL, Malicious Prosecution, sec 11.

The court entertaining the present case has already found that the action for rents in the future was not well brought. A recovery in this case would not be contrary to that court's finding.

None of these reasons are applicable to the present case. None of them prevent this case from proceeding before the entire controversy is resolved.

There are only a few cases where confession of judgment has been the basis for a malicious prosecution suit. 112 ALR 331. One of these is the Illinois case of Schwartz v. Schwartz, 366 Ill 247, 8 NE2d 668, in which it was held that such a suit did not lie. There the judgment was confessed on a note after maturity and pursuant to authority given; the authority was not exceeded; there was nothing out of the ordinary about the procedure used; there was no showing of special damage, that the plain-

247

tiff's property was attached or that he was restricted in its use, or that the damages for which recovery was sought were not the ordinary consequence of civil cases. The Schwartz case, which was decided after a trial, is clearly distinguishable from the present one which, as to the plaintiff Walter March, we hold states a cause of action for malicious use of process for the confession of judgment.

The third cause of action urged is injury to reputation, credit and property brought about by the garnishment. For the same reasons heretofore given in reaching our conclusion that, as to Walter March, the complaint states a cause of action for malicious use of process in obtaining the judgment, we find that there is a cause of action stated, as to Walter and Joan March, for malicious use of process in obtaining the wrongful garnishment. Gunderman v. Buschner, 73 Ill App 180. In so finding we are drawing the inference from the pleaded facts that the garnishment suit terminated in the plaintiffs' favor on January 5, 1961, as to the unaccrued rent. There is no direct allegation of such termination which, as we have noted, is essential to this cause of action. The facts from which we draw our inference are that the judgment was vacated on January 5, 1961, and it is stated that the plaintiffs' funds were held under a garnishment from November 14, 1960 to January 5, 1961. If this portion of the garnishment did not end in their favor they still have a cause of action for wrongful garnishment because of its being unjustified and excessive. Foley Brokerage Co. v. Feldman Bros. Commission, Inc., 330 Ill App 372, 71 NE2d 354; First State Bank of Pond Creek v. Clark, 202 Ill App 283. The principal difference, other than the necessary elements, between malicious use of process in obtaining a wrongful garnishment and mere wrongful garnishment is the damages recoverable. Katsu-

lis v. Confectioners & Bakers Supply Co., 166 Ill App 581; Walter v. Kirsch, 143 Ill App 314.

 In view of the facts asserted, and the averment of conspiracy which must be related to the entire complaint, the causes of action found to exist are against all three defendants. The charge of conspiracy in a civil case not only aggravates the alleged wrongful acts of the defendants, it also associates all of the defendants with the acts done and declarations made by each of them in pursuance of the conspiracy. Ammons v. Jet Credit Sales, Inc., 34 Ill App2d 456, 181 NE2d 601.

 We have been concerned only with the sufficiency of the complaint, not with evidence and not with facts except those which the motions to strike admitted. Evidence may fail to sustain the charge of conspiracy, in which case the defendant-attorneys would not be responsible for Cacioppo's motives or conduct. Their actions as attorneys may have been entirely justified. As to Edward Cremerius it may be that he acted under a valid warrant to confess judgment; the fact that the court did not vacate the judgment for $175 suggests that this may be so.

The order of the Circuit Court dismissing count II is affirmed. The order sustaining the motions to strike and dismissing count I is reversed. The cause is remanded with directions to deny the motions to strike count I.

Affirmed in part, reversed in part and remanded with directions.

SCHWARTZ and McCORMICK, JJ., concur.