Eileen HEILGEIST, Plaintiff-Appellant,

v.

Colleen R. CHASSER and Debra Cook, Defendants-Respondents.

Court of Appeals

*No. 79–1025. Submitted on briefs February 19, 1980.
—Decided June 24, 1980.*
(Also reported in 295 N.W.2d 26.)

98

For the appellant there was a brief by *Alfred F. Decker* and *Alfred F. Decker Law Offices* of Kenosha.

For the respondent there was a brief by *Bernard R. Vash,* assistant corporation counsel of Kenosha.

Before Voss, P.J., Brown and Bode, JJ.

BROWN, J.    Appellant Eileen Heilgeist commenced this action for malicious prosecution against Colleen R. Chasser and Debra Cook.  Upon stipulation of the parties, the action against Debra Cook was dismissed.  The trial court granted summary judgment dismissing the complaint for failure to state a claim upon which relief could be granted.  We affirm.

The malicious prosecution action arose out of criminal charges filed against appellant Heilgeist as the result of an incident at the Juvenile Receiving Center in Kenosha where Chasser and Cook were employed.  On February 10, 1978, the appellant's daughter, Karen Heilgeist, who was at the Receiving Center, received a phone call from the appellant which she terminated by hanging up.  A short time later, the appellant arrived at the Receiving Center.  When she spotted her mother, Karen Heilgeist ran into a room and locked the door.  The appellant broke open the door and grabbed her daughter by the hair.

Chasser and Cook, who had witnessed the appellant breaking open the door, entered the room and separated the appellant from her daughter.  They stated that they saw the appellant knock her daughter's head against a cabinet several times before they grabbed the appellant by the arms.  The appellant denied ever striking her daughter or knocking her head against anything, although she did admit to grabbing her daughter's hair.

The police were called and gave Chasser "witness forms" to be filled out if she wished charges to be filed against the appellant.  Chasser gave one to Cook.  Both filled out the forms, which apparently provided the basis for a criminal complaint against the appellant which was filed by the district attorney.  The complaint

charged the appellant with battery and criminal damage to property. The battery charge was later dismissed, and pursuant to a plea agreement, the other charge was amended to disorderly conduct. The trial court accepted the appellant's plea of no contest and found her guilty of disorderly conduct.

The instant action seeking damages from Chasser and Cook for malicious prosecution was commenced on May 3, 1978. The respondents moved to dismiss, which was treated as a motion for summary judgment pursuant to sec. 802.06, Stats. The motion was granted, and summary judgment was entered dismissing the complaint.

Although the appellant raises several issues, the dispositive issue in this case is whether an action for malicious prosecution may be maintained when the underlying prosecution consisted of two counts, only one of which terminated favorably to the defendant therein. Under the circumstances of this case, we conclude that the answer is no. Accordingly, we affirm.

One of the six elements required to maintain an action for malicious prosecution is that: "The former proceedings must have terminated in favor of the defendant therein, the plaintiff in the action for malicious prosecution." *Pollock v. Vilter Mfg. Corp.*, 23 Wis.2d 29, 37, 126 N.W.2d 602, 607 (1964); *see also Thompson v. Beecham*, 72 Wis.2d 356, 360, 241 N.W.2d 163, 165 (1976).

The question of whether a favorable termination on one count of a criminal complaint provides a basis for maintaining a malicious prosecution action when an unfavorable termination has resulted on another count arising out of the same incident appears to be a question of first impression in this state. In fact, we are unaware

of any case from any jurisdiction which deals with this question.[1]

The appellant argues that the mere fact that two counts were joined in one complaint cannot change the fact that the battery count result was favorable to her. However, the separate nature of the counts does not mean that they may be severed for malicious prosecution purposes.

The key to understanding this position is an understanding of how the criminal complaint came to be filed. The law vests a district attorney with great discretion in determining whether to prosecute and on what basis to prosecute. We agree with the appellant that the mere fact that a district attorney initiates criminal charges does not in itself absolve a person who makes malicious accusations. The fact remains, however, that it is the district attorney who decides how to categorize the general accusations of criminal conduct.

Another required element in a malicious prosecution action is that there must have been no probable cause for the complainant to press for the institution of the former proceedings. *Pollock v. Vilter Mfg. Corp., supra.* In determining the existence of this type of probable cause, the court is not concerned with the prosecutor's state of mind. Rather, it is concerned with the "quantum of evidence that would lead an ordinary and reasonable layman in the circumstances, to believe that the plaintiff committed a crime." *Pollock, supra,* at 41–42, 126 N.W.2d

[1] An Illinois case, *March v. Cacioppo,* 37 Ill. App.2d 235, 185 N.E.2d 397 (1962), held that a malicious prosecution action may proceed where a favorable result has been achieved on what amounts to a separate claim, even though a remaining claim has not yet been terminated. That case is distinguishable from the one at hand on several bases and is not persuasive authority for allowing the maintenance of the instant action.

at 609. This is because a complainant is not in control of the decision of whether to charge and on what to charge and is not assumed to understand the intricacies of the law. Therefore, if the activity or incident does, in fact, involve criminal conduct, albeit not the category of criminality eventually assigned by the prosecutor, it would be unfair and unreasonable to bind the complainant to the prosecutor's decision.[2]

The appellant's conviction on the amended charge of disorderly conduct vindicates the respondent's belief that a crime had been committed. The unfavorable determination shows that Chasser and Cook had probable cause to believe the appellant committed a crime.

A further reason for rejecting the appellant's argument is that such a result would be at loggerheads with the policy of encouraging citizens to report violations of law to proper authorities. A lay person is only held responsible for having reasonable grounds to believe that the law has been violated. A lay person is not held responsible for seeing that a lawbreaker is properly charged.

We conclude that the dismissal of one count of a criminal complaint does not constitute a favorable termination of the proceedings which would allow a person to maintain an action for malicious prosecution where that person is convicted on another count arising out of the same incident.

*By the Court.*—Judgment affirmed.

---

[2] This analysis is supported by the fact that an acquittal on a criminal charge does not prove malicious prosecution. *See Pollock v. Vilter Mfg. Corp., supra,* at 41, 126 N.W.2d at 609. A lay person is not held accountable for the prosecution's failure to prove the case.