**SERVPRO INDUSTRIES, INC., Plaintiff,**

v.

**William W. SCHMIDT and Servpro of Arlington Heights/Naperville, Inc., Defendants/Counterclaimants,**

v.

**SERVPRO INDUSTRIES, INC., Randall Isaacson, Ted Isaacson, Robert Marshall, Susan Steen, Richard Forster, Ted Habermann, James O'Connor, and William Weber, Counterdefendants.**

No. 94 C 5866.

United States District Court, N.D. Illinois, Eastern Division.

Oct. 3, 1995.

Gary Mark Sircus, John E. Mitchell, Scott Alan Lefelar, Rudnick & Wolfe, Chicago, Illinois, for Plaintiff.

Wayne B. Giampietro, James Brian Dykehouse, Witwer, Burlage, Poltrock & Giampie-

tro, Chicago, Illinois, for William Schmidt and Servpro of Arlington Heights/Naperville.

John Bell, Fairfax, Virginia, for Servpro of Arlington Heights/Naperville.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is counterdefendant William Weber's ("Weber") motion to dismiss Count VI of defendants/counterclaimants William W. Schmidt's and Servpro of Arlington Heights/Naperville, Inc.'s (collectively, "Schmidt"), third amended counterclaim pursuant to FED.R.CIV.P. 12(b)(6). As set forth fully below, the court denies Weber's motion to dismiss.

### I. BACKGROUND [1]

Servpro Industries, Inc. ("Servpro"), provides professional home and office cleaning services, and grants franchises for the operation of cleaning businesses using the Servpro system. In March 1985, Servpro entered into a franchise agreement with Schmidt for the territory of Arlington Heights, Illinois. That agreement also provided that Schmidt would be a "director distributor" for northern Illinois, for which he would earn additional commissions. In December 1987, Servpro and Schmidt entered into another franchise agreement for the territory of Naperville and Lisle, Illinois. Weber also was a Servpro franchisee, with franchises located in Rockford, Illinois, and Wisconsin.

At some time not specified in Schmidt's counterclaim, and with Servpro's agreement, Weber diverted income from his Rockford franchise, which was within Schmidt's distributorship territory, to his Wisconsin franchise. By diverting the income in this way, Weber avoided paying commissions to Schmidt for work his Rockford franchise did, and Servpro could pay commissions on the diverted income at a lower rate than what should have been due to Schmidt on the income. Weber and Servpro carried out this scheme to terminate Schmidt's franchises for their own financial benefit.

In July 1994, Servpro terminated Schmidt's franchises. Schmidt has continued to operate his businesses under the Servpro name, however. In September 1994, Servpro sued Schmidt on numerous grounds, including trademark infringement, unfair competition, and breach of contract. Schmidt then filed a counterclaim against Servpro (and its officers and directors, on some counts), also on various bases, including breach of covenant of good faith and fair dealing, fraudulent misrepresentation, violation of the Illinois Franchise Disclosure Act, and fraud. Schmidt added Weber as a counterdefendant in the counterclaim and named Servpro and Weber in a count for conspiracy, which is the subject of this motion.

Weber has moved to dismiss Count VI, the conspiracy count, of Schmidt's third amended counterclaim on the grounds that Weber is not a proper counterclaim defendant pursuant to FED.R.CIV.P. 19(a) and that Schmidt has failed properly to state a claim for conspiracy against Weber. For the following reasons, Weber's motion to dismiss Count VI of Schmidt's third amended counterclaim is denied.

### II. DISCUSSION

#### A. Standard of Review

When deciding a motion to dismiss under FED.R.CIV.P. 12(b)(6), the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Cromley v. Board of Educ. of Lockport,* 699 F.Supp. 1283, 1285 (N.D.Ill. 1988). If, when viewed in the light most favorable to the plaintiff, the complaint fails to state a claim upon which relief can be granted, the court must dismiss the case. *See* FED.R.CIV.P. 12(b)(6); *Gomez v. Illinois State Board of Educ.,* 811 F.2d 1030, 1039 (7th Cir.1987). However, the court may dismiss the complaint only if it appears beyond doubt that the plaintiff can prove no set of facts in support of its claims that would entitle it to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

---

1. The facts are taken from Schmidt's third amended counterclaim.

## B.  *Improper Counterclaim Defendant*

■ Weber contends that he must be dismissed as a party to Schmidt's counterclaim because Schmidt has failed to plead sufficiently that Weber should be made a counterclaim defendant under Rule 19(a) of the Federal Rules of Civil Procedure.

Rule 19 of the Federal Rules of Civil Procedure governs situations where a party *must* be joined in a lawsuit in order to achieve "just adjudication." FED.R.CIV.P. 19. That rule provides:

A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) … impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

FED.R.CIV.P. 19(a).

In his counterclaim, Schmidt alleges that

[a]ll counter-defendants are necessary parties and must be joined as parties in this action under FRCP 19(a) since they all participated in the same illegal acts as described herein against the defendants in this case, there are common questions of fact or law, and it is feasible to join them under FRCP 19(a).

(Third Am.Ans., Aff.Def., and Countercl., at 11 ¶ 2.)  It is clear that Schmidt has failed to plead properly that Weber should be added as a party in the counterclaim under Rule 19(a).  Schmidt has neither directly pleaded nor alleged facts showing that (1) complete relief cannot be accorded among those already parties if Weber is not added as a party, or (2) Weber claims an interest relating to the subject of the action.  Thus, the court agrees with Weber that Schmidt has not sufficiently pleaded that Weber should be made a counterclaim defendant under Rule 19(a).

■ Rule 20, on the other hand, governs *permissive* joinder of parties.  It provides:

All persons … may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

FED.R.CIV.P. 20(a).  The trial court has wide discretion in deciding whether to grant a motion to add parties under Rule 20.  *Meyercheck v. Givens,* 180 F.2d 221, 223 (7th Cir.1950).

■ Schmidt's conspiracy claim against Weber and Servpro seeks relief from both parties jointly or severally.  *See Montgomery Ward & Co. v. United Retail, Wholesale & Department Store Employees of America,* 330 Ill.App. 49, 69, 70 N.E.2d 75 (1st Dist. 1946) (an allegation of conspiracy may be pleaded and proved "for the purpose of enabling [plaintiff] to recover against all the conspirators as joint tort-feasors, or for the purpose of holding one defendant responsible for the acts of his co-conspirators").  Schmidt alleges that the counterdefendants all participated in the same illegal acts described in the counterclaim and that common questions of fact or law exist.  According to the facts set forth in Schmidt's counterclaim, the conspiracy claim arises out of some of the same occurrences, such as Servpro's attempts to terminate Schmidt's franchises, that form the basis of Schmidt's counterclaim against Servpro and the other counterdefendants.  Questions of law and fact common to Weber and the other counterdefendants certainly will arise in this litigation, considering that the conspiracy claim legally and factually intertwines Weber's actions with Servpro's.  Consequently, the court finds that Schmidt's averments comport with the requirements of Rule 20.

■ The court recognizes that Schmidt makes explicit reference in his counterclaim to Rule 19(a), in addition to the allegations

recounted above. However, the reference to Rule 19(a) should not preclude joinder under Rule 20. The Federal Rules of Civil Procedure require only " 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957) (quoting FED. R.CIV.P. 8(a)(2)). "To this end, pleadings are liberally construed and each theory need not be explicitly spelled out, so long as the other side receives notice as to what is at issue in the case." *Bob Willow Motors, Inc. v. General Motors Corp.*, 872 F.2d 788, 791 (7th Cir.1989) (citing *American Timber & Trading Co. v. First Nat'l Bank of Oregon*, 690 F.2d 781, 786 (9th Cir.1982)).

The court finds that Schmidt's pleading gave Weber fair notice as to why he was being joined as a counterdefendant in Schmidt's counterclaim, especially when the averment regarding joinder is read in conjunction with the claims asserted against Weber and the other counterdefendants, and in light of the counterclaim as a whole.

Accordingly, the court concludes that Weber was properly added as a party to Schmidt's counterclaim pursuant to Rule 20 of the Federal Rules of Civil Procedure.

### C. *Failure to state a claim for conspiracy*

■ Weber asks the court to find that Schmidt has failed to state a claim for conspiracy. Weber contends that Schmidt has failed to plead with specificity facts sufficient to show an agreement between Weber and Servpro to inflict the alleged wrong and Weber's and Servpro's roles in the conspiracy. Weber also argues that the previous dismissal of Schmidt's breach of contract and tortious interference with contract claims against Weber eviscerates Schmidt's conspiracy claim, because those dismissed claims encompassed the illegal means allegedly used by Weber and Servpro to carry out their alleged conspiracy.

■ "A civil conspiracy giving rise to a cause of action in Illinois involves a combination of two or more persons for the purpose of accomplishing, through concerted action, either an illegal object or a legal object by an illegal means." *Dymek v. Nyquist*, 128 Ill. App.3d 859, 866, 83 Ill.Dec. 52, 58, 469 N.E.2d 659, 665 (1st Dist.1984) (citations omitted). The gist of the action for conspiracy is not the fact of the conspiracy itself, but the wrongful acts alleged to have been done in furtherance of the conspiracy. *Ammons v. Jet Credit Sales, Inc.*, 34 Ill.App.2d 456, 465, 181 N.E.2d 601, 605 (1st Dist.1962) (citations omitted). Consequently, an underlying wrong must exist for an action for conspiracy to exist. *See id.* (where acts of defendants were neither criminal nor civil wrongs for which damages could be recovered, there was no cause of action for conspiracy based on acts of defendants); *North American Plywood Corp. v. Oshkosh Trunk & Luggage Co.*, 263 F.2d 543, 545 (7th Cir.1959) ("Illinois courts have held that a defective count in tort cannot be made effective merely by injecting into it a charge of conspiracy to commit the tortious acts alleged").

In Count VI of his third amended counterclaim, Schmidt alleges that Servpro and Weber agreed to use illegal means to terminate Schmidt's franchises for their own financial benefit. Schmidt alleges that Weber knew that Servpro wanted to terminate Schmidt's franchises. Schmidt alleges further that Weber, acting in agreement and concert with Servpro, diverted income from Weber's franchise within Schmidt's distributorship territory to Weber's franchise outside of Schmidt's distributorship territory. This diversion of income concealed commissions that Weber should have been required to pay to Schmidt pursuant to Schmidt's franchise agreements with Servpro. It also allowed Servpro to pay commissions at a lower rate than it would have been required to pay Schmidt. Schmidt alleges that Weber induced Servpro to allow Weber to hide these commissions from Schmidt to the benefit of both Weber and Servpro, and that the scheme was carried out to terminate Schmidt's franchises to the financial benefit of both Weber and Servpro.

Construing these allegations and the reasonable inferences to be drawn from them in the light most favorable to Schmidt, *see Go-*

*mez,* 811 F.2d at 1039, the court finds that Schmidt has sufficiently alleged facts showing that an agreement existed between Weber and Servpro to divert income away from Schmidt and to attempt to terminate Schmidt's franchises, both in violation of the franchise agreements between Servpro and Schmidt, and describing Servpro's and Weber's respective roles in the alleged conspiracy.

 The court finds further that Schmidt has sufficiently pleaded a claim for tortious interference with contract, which is the wrongful act upon which Schmidt's conspiracy claim is based. Under Illinois law, the elements of a tortious interference with contract claim are: (1) the existence of a valid and enforceable contract between the plaintiff and a third party; (2) the defendant's awareness of the contractual relationship; (3) the defendant's intentional and, if defendant's conduct is privileged, unjustified inducement of a breach of the contract; (4) a subsequent breach by the third party caused by the defendant's wrongful conduct; and (5) damages resulting from the breach. *HPI Health Care v. Mt. Vernon Hosp.,* 131 Ill.2d 145, 154, 156, 137 Ill.Dec. 19, 545 N.E.2d 672, 676, 677 (1989).

In the third amended counterclaim, Schmidt alleges that valid and enforceable contracts—the franchise agreements—existed between Schmidt and Servpro; that Weber knew of the franchise agreements between Schmidt and Servpro; that Weber intentionally and maliciously induced Servpro to breach the franchise agreements; that Servpro breached the franchise agreements; and that Schmidt suffered damages because of the breach. Schmidt supports these allegations with the facts set forth previously in this opinion. Thus, Schmidt has sufficiently alleged the underlying wrong that must exist for his action for conspiracy to exist.

Accordingly, the court concludes that Schmidt has stated a claim against Weber for conspiracy.

## III. *CONCLUSION*

For the foregoing reasons, counterdefendant William Weber's motion to dismiss Count VI of defendants/counterclaimants William W. Schmidt's and Servpro of Arlington Heights/Naperville, Inc.'s third amended counterclaim is denied.