Rockingham,
March 7 1939. } No. 3039.

GEORGE W. BLENN *v.* ALLEN D. MORRILL.

*John J. Sheehan* and *William L. Phinney* (*Mr. Phinney* orally), for the plaintiff.

*William H. Sleeper*, by brief and orally, for the defendant.

WOODBURY, J.   In its present form the plaintiff's action cannot be maintained.   The reason for this is that one of the essential elements of the action for malicious prosecution is evidence of the institution of criminal proceedings against the plaintiff by formal action on the part of some official or tribunal (38 C. J. 386; Am. Law Inst., Restatement of Torts, s. 654), and in the case at bar it appears that the plaintiff's arrest in Boston was not in consequence of any such formal action.   Under these circumstances the appropriate remedy for the plaintiff is by an action of trespass for false imprisonment.   Am. Law Inst., Restatement of Torts, s. 35, *Comment a.*

However, since the pleadings may be amended at any time upon motion (P. L., *c.* 334, *s.* 9), and since the plaintiff has had full oppor-

tunity to present his evidence, the questions transferred are before us for consideration. *Chase* v. *Bank*, 88 N. H. 275.

On this evidence the plaintiff is not entitled to recover under any form of action. This is for the reason that there is nothing to show that either the defendant or his agents ever authorized or requested the arrest of the plaintiff by the Boston police. There is no evidence that the defendant ever communicated with the police at all. All that appears is that the defendant left his counsel in full charge of his affairs while he was away, that this counsel suggested to the deputy sheriff employed by the defendant as a watchman that he call the Boston police for a "confidential report" on the plaintiff, and that this was done. There is no evidence that either of the defendant's agents ever requested the arrest of the plaintiff in Boston or anywhere else and from this it follows that the question of their authority to make such a request on the defendant's behalf is beside the point. The means taken by the police to obtain the information requested of them were of their own choosing. Those means were adopted by the police of their own volition and upon their own initiative. For their choice of means the police and not the defendant are responsible.

Counsel for the plaintiff contends that in spite of the foregoing the defendant might be found liable upon the ground that his agents were acting within the scope of their employment when they asked the Boston police for a confidential report on the plaintiff, and that this request set forces in motion which directly and logically resulted in the plaintiff's wrongful arrest. Even though we assume that the plaintiff's position on the question of the scope of the agents' authority is well taken, and even though we assume that the plaintiff was himself innocent of any wrongdoing, there still remain two answers to this contention. In the first place no wrong was committed against the plaintiff when the defendant through his agents made the request for a confidential report. A does not wrong B by requesting information about him from C. Such a request may only be found to have been wrongful if made by the defendant or his agents without cause and when they knew or ought to have known that by making it some harm would result to the plaintiff. In the case at bar there is no evidence of such knowledge on their part. In the second place, even if the request for a report could be found to have been wrongful, still it became injurious to the plaintiff only in consequence of the subsequent distinct wrongful act of the police in arresting the innocent plaintiff. Under these circumstances, "the injury shall be imputed to the last wrong as a proximate cause,

and not to that which was more remote." Cooley, Torts (4th *ed.*), *s.* 50, cited in *Morier* v. *Hines*, 81 N. H. 48, 56; *Davis* v. *Railroad*, 70 N. H. 519, 521.

In view of the result reached we need not consider what effect the release given to the Boston police had upon the plaintiff's rights against the defendant.

Since the defendant's motion for a nonsuit should have been granted his other exceptions do not require consideration.

*Judgment for the defendant.*

All concurred.