GLENN MULLIGAN, Plaintiff-Appellant, v. VILLAGE OF BRADLEY *et al.*, Defendants-Appellees.

Third District   No. 3—84—0201

Opinion filed March 6, 1985.

John Bernard Cashion, of Chicago, for appellant.

Alan F. Smietanski, of Berz & Smietanski, of Kankakee, and William W. Kurnik, of Kurnik & Cipolla, of Arlington Heights, for appellees.

JUSTICE SCOTT delivered the opinion of the court:

The plaintiff, Glenn Mulligan, appeals a decision of the circuit court of Kankakee County which dismissed his complaint against the village of Bradley and Kenneth Hayes, president of the board of trustees, following plaintiff's termination as village administrator.

Plaintiff's complaint was in four counts and sought damages for breach of contract, malicious prosecution, and a civil rights violation for being deprived of a "property right" in his employment position and that his firing was politically motivated.

The claims of malicious prosecution and the alleged civil rights violations were dismissed by the circuit court for failure to state a cause of action.

The circuit court then granted the village's motion for judgment on the pleadings with respect to plaintiff's claim for breach of contract.

The factual background for the complaint is derived, in part, from the minutes of the meetings of the village board.

On October 8, 1979, Mulligan, as president of the board of trustees of the village of Bradley, appointed trustee Novak as chairman of a committee of the whole, to study the question of whether there was a need for a full-time employee to look into the village business and to look out for the general growth and well-being of the village.

In the interim between the October 8 meeting and the next regular meeting of the board of trustees on October 29, 1979, Mulligan discussed the necessity of creating a new position of village administrator with committee chairman Novak and other members of the board of trustees. Mulligan not only urged the board members to vote in favor of creating the position of village administrator, but to vote in favor of offering the position to him.

The October 29 meeting commenced with Mulligan presiding as village president. Novak reported that although they had interviewed other candidates for the position as village administrator, they had decided to offer the position to village president Mulligan.

A resolution was read and approved which created the new position of village administrator. Four trustees voted in favor of the resolution and two trustees voted against it. Mulligan did not vote. A motion was then made to offer the contract to Mulligan. The motion passed five to one, with Mulligan abstaining. Mulligan offered his resignation as village president, which was accepted by a unanimous vote of the trustees. Mulligan accepted the position of village administrator for a period of three years commencing November 1, 1979, up to and including October 31, 1982. No appropriation ordinance was ever

made to pay the $27,000 per year salary and annual 7% pay raises.

The position of village administrator involved soliciting and assisting the relocation of business entities into the village of Bradley. Hayes, who had been Mulligan's former political adversary in the village, became president of the village board. The contract provided that either party to the agreement could terminate it by 30 days' written notice during the first year, 60 days' written notice the second year, and 90 days' written notice the third year. There was no provision in the contract that it could only be terminated "for cause."

On May 4, 1981, Hayes fired Mulligan after a hearing. Thereafter, Mulligan was subpoenaed to testify before the grand jury of Kankakee County. Mulligan alleged that Hayes instigated the criminal proceedings without probable cause and with malice. The grand jury returned a "No Bill," and Mulligan filed suit against the village of Bradley and Hayes on the grounds enumerated above.

In granting a judgment on the pleadings to the defendant village with respect to plaintiff's allegation of a breach of contract, the circuit court held that the plaintiff's agreement with the village was void and unenforceable for two reasons. First, the court believed that section 8—1—7 of the Illinois Municipal Code (Ill. Rev. Stat. 1979, ch. 24, par. 8—1—7) prohibits the making of a contract unless an appropriation has been made concerning the contract. Second, the court indicated that in its opinion, the contract was void and unenforceable because it violated both section 3 of "An Act to prevent fraudulent and corrupt practices ***" and section 3—14—4 of the Illinois Municipal Code (Ill. Rev. Stat. 1979, ch. 102, par. 3; ch. 24, par. 3—14—4), which both prohibit an elected or appointed official from having an interest in a contract upon which he may be called upon to vote or when the consideration of the contract is paid from the public treasury.

■■ We believe that there exists ample evidence in the record which supports the decision of the circuit court in declaring the contract in question to be void and unenforceable on the basis of plaintiff's conflict of interest. Nor are we deterred from such a conclusion by the grand jury's refusal to return an indictment, since there existed alternative authority to declare the agreement null and void without the necessity of finding a criminal violation had occurred (i.e., Ill. Rev. Stat. 1979, ch. 24, par. 8—1—7; Hogan v. City of Centralia (1979), 71 Ill. App. 3d 1004, 390 N.E.2d 595 (purported two-year contract for chief of police held to be void ab initio without a proper budget being passed)).

■■ We also believe the circuit court properly dismissed plaintiff's complaint with respect to his allegations of malicious prosecution.

The plaintiff has contended that he was entitled to recover damages for the tort of malicious prosecution where a grand jury merely investigates a complaint. In *Joiner v. Benton Community Bank* (1980), 82 Ill. 2d 40, 411 N.E.2d 229, our supreme court held that one of the essential elements of a cause of action for malicious prosecution concerns whether the facts show "the commencement *** of [a] *** criminal or civil judicial proceeding by the defendant ***." 82 Ill. 2d 40, 45, 411 N.E.2d 229, 232.

We do not believe that the mere presentation of evidence to a grand jury constitutes "the commencement of a criminal or judicial proceeding" within the meaning of *Joiner*. Section 111–1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 111–1) provides that a prosecution is commenced by a complaint, an information, or an indictment.

Dean Prosser has noted in his Law of Torts 836 (4th ed. 1972):

"The proceeding must, however, have been commenced. It is not enough that a mere complaint has been made to the proper authorities for the purpose of setting prosecution in motion, where no official action ever has been taken *** a grand jury which refuses to indict ***."

Finally, section 2–16 of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 2–16) provides:

" 'Prosecution' means all legal proceedings by which a person's liability for an offense is determined, *commencing with the return of the indictment* or the issuance of the information ***." (Emphasis added.)

■ Plaintiff's final allegation that he was denied his civil rights to due process of law when he was deprived of a hearing before an impartial hearing officer and that he had a "property right" in his employment must also be rejected.

As previously noted, since the employment contract was void, plaintiff was precluded from having a "property interest" in a void contract. Furthermore, the plaintiff's employment contract was not limited to termination for cause. The only protection afforded by the agreement was a mere notice requirement and as such did not create a "property interest" protected by either 42 U.S.C. sec. 1983 (1976) or the fourteenth amendment. *Daleanes v. Board of Education* (1983), 120 Ill. App. 3d 505, 457 N.E.2d 1382; *Hayward v. Henderson* (9th Cir. 1980), 623 F.2d 596.

■ Plaintiff's allegation that the termination of his employment was "politically motivated" raises the question of whether the position of village administrator is one that can be terminated for political

considerations alone.

Our courts have uniformly held that persons in policy-making positions can be dismissed for political considerations, since to hold otherwise would saddle existing administrations with political adversaries occupying positions from which they could thwart or hinder the implementation of new or different idealogies presumably called for by the electorate. *Elrod v. Burns* (1976), 427 U.S. 347, 49 L. Ed. 2d 547, 96 S. Ct. 2673; *Branti v. Finkel* (1980), 445 U.S. 507, 63 L. Ed. 2d 574, 100 S. Ct. 1287.

The employment agreement here enumerates plaintiff's general supervisory powers as village administrator. Our review of the agreement leaves little doubt that the village administrator of the village of Bradley has been given broad discretion and latitude to be utilized in the implementation of wide-ranging policies and goals and that more than mere ministerial competence is required for the position. *Stegmaier v. Trammell* (5th Cir. 1979), 597 F.2d 1027.

For the foregoing reasons, the judgment of the circuit court of Kankakee County is affirmed.

Affirmed.

HEIPLE, P.J., and BARRY, J., concur.