Philip J. BROWN, Appellant,

v.

Oliver T. CARR, Jr., et al., Appellees.

No. 84–230.

District of Columbia Court of Appeals.

Argued Oct. 9, 1985.

Decided Jan. 22, 1986.

Nicholas A. Addams, Washington, D.C., for appellant.

Richard A. Green, Washington, D.C., with whom Maurice J. Montaldi, Washington, D.C., was on brief, for appellees.

Before PRYOR, Chief Judge, and NEWMAN, Associate Judge, and PAIR, Senior Judge.

PRYOR, Chief Judge:

In this case, appellant Philip J. Brown brought suit against Oliver T. Carr, Jr. and two of his attorneys (appellees) alleging malicious prosecution and intentional interference with a prospective business advantage. Appellees filed a counterclaim, alleging that Brown's suit in this case was commenced solely to force Carr to settle a separate case pending between the parties at the same time. The trial judge dismissed Brown's malicious prosecution count before trial after finding, as a matter of law, that there had been no favorable termnation of the litigation on which the claim was based. Brown's count alleging interference with a prospective business advantage was dismissed by the trial judge upon a motion for directed verdict at the close of Brown's case. Before trial, the counterclaim was voluntarily dismissed without prejudice by order dated January 3, 1981. Brown filed a motion to assess appellees attorneys' fees and costs incurred by Brown in defending the counterclaim. This motion was denied.

On appeal, Brown claims that the trial judge erred in dismissing his claims of malicious prosecution and interference with a business advantage. Brown also asserts that the trial court abused its discretion in granting the motion to dismiss the counterclaim without prejudice, and in denying Brown's motion for award of attorneys' fees. Finding Brown's claims to be without merit, we affirm.

## I

The claims raised by Brown on appeal arise from distinct factual situations. Thus, we discuss each separately.

### Malicious Prosecution

#### A.

The litigation giving rise to Brown's claim of malicious prosecution in this case concerned events that transpired in 1975. *See Carr v. Brown*, 395 A.2d 79 (D.C.1978). In 1975, Carr applied to the Transportation and Environmental Affairs Committee of the District of Columbia Council (Transportation Committee) for permission to close and relocate an alley located on property he owned in the West End neighborhood of the District of Columbia. In his application, Carr claimed that such closing was necessary to permit development of his property in accordance with the existing zoning in the area.

The thrust of Carr's three-count complaint in *Carr v. Brown* was that through malicious acts and false statements, Philip J. Brown and his attorney unjustifiably opposed, and incited others to oppose, the alley closing. The behavior objected to by Carr included oral and written statements made by Brown and his attorney before the Transportation Committee, the Board of Zoning Adjustment (BZA), and the Advisory Neighborhood Commission for the West End, and their incitement of area residents to oppose the alley closing and relocation. Carr claimed that Brown's actions delayed the Transportation Committee's ruling on his application, thereby resulting in damages due to the delay of his business venture.

The trial court characterized Carr's complaint as one for defamation, and dismissed it on the ground that the one-year statute of limitations applicable to defamation suits barred the action. Carr appealed, claiming that the trial court had misconstrued the complaint. In his appeal, Carr asserted that the gravamen of the action was for malicious interference with his business expectancies and not for defamation.

On appeal, this court agreed with Carr that the trial court had misconstrued his complaint as one for defamation. We recognized that Carr's complaint was more properly characterized as one for intentional interference with a prospective business advantage and sought to determine whether a cause of action for that tort had been established.

In finding that no cause of action had been stated, we concluded that Carr's expectancy of prompt governmental action on his application was too remote to be protected:

> An applicant such as appellant in this case cannot expect upon the basis of any experience that his application will be automatically approved within a specified period of time. Appellant cannot contend that because he encounters opposition to his application, some of which may be malicious, that the opponent is thereby interfering with his "expectancies" so as to constitute a tort. Rather the person who is "interfering" with the applicant's petition for an alley closing and a zoning exception is participating in procedures fixed by statute which specifically invite opposition. Accordingly, we conclude that appellant's "expectancies" of approval by the Transportation Committee and the Board are not of the character that may be protected by this cause of action for the tort of interference with property.

*Carr v. Brown, supra*, 395 A.2d at 84.

Significantly, in concluding that no cause of action had been established, we made no finding as to whether Brown's conduct in the case had been malicious. Indeed, the court explicitly recognized that

> [t]he proximate cause of the alleged nine-month delay here in approving appellant's applications could be attributed to appellees' malicious opposition or the normal processing engaged in by governmental bodies.

*Id.* at 85. In essence, therefore, Carr's complaint was dismissed because, as a poli-

cy matter, proof of the cause of the delay was too speculative:

> To require the trial court to attempt to determine the cause of the lapse of time in a tort case such as this would lead to futile speculation since there is no definite answer as to why the administrative bodies here took as long as they did in determining appellant's applications.

*Id.* (footnote omitted).

Finally, the trial court pointed out that Carr could have sought protection from false or malicious statements made in the application process through a cause of action for defamation. As the court noted, however, this remedy was unavailable to Carr because the statute of limitations for an action for defamation had run.

In his complaint in the present case, Brown alleged that Carr, "individually and/or with the aid and abettance and covert assistance" of his attorneys, had "maliciously instituted and prosecuted" *Carr v. Brown.* During discussion of preliminary matters, appellees moved to dismiss Brown's claim of malicious prosecution. In so doing, appellees argued that the requirements in a cause of action for malicious prosecution that the underlying litigation be favorably terminated was not present in this case. Appellees asserted that the issue of favorable termination presented a question of pure law that could be ruled upon by the court on oral motion before trial.

■ After a hearing spanning two days, and with Brown's apparent acquiescence to consideration of the motion, the trial judge ruled that the litigation in *Carr v. Brown* had not been favorably terminated. Conse-

quently, the trial court granted appellees' oral motion to dismiss Brown's malicious prosecution count on the pleadings.[1]

### B.

To support a claim for malicious prosecution, a plaintiff in the District of Columbia must prove:

(1) the underlying suit terminated in the plaintiff's favor;

(2) malice on the part of the defendant;

(3) lack of probable cause for the underlying suit; and

(4) special injury occasioned by the plaintiff as the result of the original action.

*Tyler v. Central Charge Service, Inc.,* 444 A.2d 965, 968 (D.C.1982) (per curiam) (citation and footnote omitted); *see also Weisman v. Middleton, supra,* 390 A.2d at 1002; *Ammerman v. Newman,* 384 A.2d 637, 639 (D.C.1978) (per curiam); *Nolan v. Allstate Home Equipment Co.,* 149 A.2d 426, 429 (D.C.1959). At issue in this case is the first element of a cause of action for malicious prosecution—favorable termination of the underlying suit. In particular, we must determine whether the dismissal of Carr's claim in the earlier case for failure to state a cause of action constituted a favorable termination providing a predicate for Brown's malicious prosecution suit in this case.

The requirement of favorable termination has long been recognized as an element in a claim of malicious prosecution in this jurisdiction. *See, e.g., Shulman v. Miskell,* 200 U.S.App.D.C. 1, 3, 626 F.2d 173, 175 (1980) (District has consistently followed common law rule requiring favorable termination). Nevertheless, our cases

---

1. As a threshold matter, Brown claims in this case that the trial judge committed reversible error in ruling upon Carr's oral motion to dismiss his claim of malicious prosecution on the pleadings. We disagree. Initially, we note that the issue of whether favorable termination is present is a "question of law normally to be determined by the trial court...." *Weisman v. Middleton,* 390 A.2d 996, 1003 (D.C.1978). Moreover, the trial court ruled on the motion only after extensive hearings spanning two days.

At these hearings, Brown's counsel twice acknowledged the appropriateness of the trial court making a pretrial ruling on the motion. Indeed, at the January 17, 1984 hearing, counsel for Brown stated:

> I agree that it is your honor's prerogative after hearing argument from myself and Mr. Green to make a ruling on the question.

On this record, we find no error in the trial judge's consideration of the motion to dismiss.

provide little guidance on whether dismissal of a claim for failure to state a cause of action satisfies this requirement. Indeed, the only case in the District of Columbia directly discussing the issue of favorable termination is *Weisman v. Middleton, supra,* 390 A.2d at 1003, where we stated, in general terms, that favorable termination "is a question of law normally to be determined by the trial court, as it requires the court to draw a conclusion based on its legal judgment as to the significance of the prior judgment in light of the relief requested." Thus, we must turn to other jurisdictions for guidance on this issue.

 The courts in California, in our view, adopt a well reasoned approach to the issue of favorable termination. In California, the theory underlying the requirement of favorable termination " 'is that it tends to indicate the innocence of the accused, and coupled with the other elements of lack of probable cause and malice, establishes the tort [of malicious prosecution].' " *Lackner v. LaCroix,* 25 Cal.3d 747, 750, 602 P.2d 393, 394, 159 Cal.Rptr. 693, 694 (1979) (quoting *Jaffe v. Stone,* 18 Cal.2d 146, 150, 114 P.2d 335, 338 (1941)). Thus, under California law,

If [the termination] is of such a nature as to indicate the innocence of the accused, it is a favorable termination sufficient to satisfy the requirement. If, however, the dismissal is on technical grounds, for procedural reasons, ... it does not constitute favorable termination.

*Id.* (citation omitted). While this approach does not require a termination following trial on the merits, the termination "must reflect on the merits of the underlying action." *Id.*[2] Under this approach, no favorable termination is found where the earlier action is dismissed on the ground of the statute of limitations, *id.* at 751–52, 602 P.2d at 395–96, 159 Cal.Rptr. at 695–96, or laches, *Asia Investment Co. v. Borowski,* 133 Cal.App.3d 832, 837–38, 184 Cal.Rptr. 317, 321–22 (1982), because these dispositions do not reflect on the merits of the underlying claim. By contrast, dismissal for failure to prosecute has been held to be a favorable termination where the facts of the case indicate that such a disposition reflects on the innocence of the defendant in the underlying suit. *Minasian v. Sapse,* 80 Cal.App.3d 823, 827, 145 Cal.Rptr. 829, 832 (1978).[3]

**2.** As the court in *Lackner v. LaCroix, supra,* explained:

It is apparent "favorable" termination does not occur merely because a party complained against has prevailed in an underlying action. While the fact he has prevailed is an ingredient of a favorable termination, such termination must further reflect on his innocence of the alleged wrongful conduct. If the termination does not relate to the merits—reflecting on neither innocence of nor responsibility for the alleged misconduct—the termination is not favorable in the sense it would support a subsequent action for malicious prosecution.

*Id.* at 751, 602 P.2d at 395, 159 Cal.Rptr. at 695 (footnote omitted).

**3.** We note that the approach adopted by California is less restrictive than that in other jurisdictions. In Illinois, for example, a decision on the merits of the underlying claim is required to establish favorable termination. *Savage v. Seed,* 81 Ill.App.3d 744, 748, 36 Ill.Dec. 846, 401 N.E.2d 984, 987 (1980); *see also Siegel v. City of Chicago,* 127 Ill.App.2d 84, 108, 261 N.E.2d 802, 814 (1970). This requirement is based on the recognition that a primary purpose of favorable

termination is to "show a lack of probable cause for bringing the [underlying] action." *Savage v. Seed, supra,* 81 Ill.App.3d at 748, 401 N.E.2d at 987 (citing *March v. Cacioppo,* 37 Ill.App.2d 235, 185 N.E.2d 397, 402 (1962). Based on this approach, the courts in Illinois find no favorable termination where a claim is dismissed for failure to state a cause of action. In *Siegel v. City of Chicago, supra,* for example, a court rule provided that dismissal of a claim for failure to state a cause of action constituted an adjudication on the merits. Nevertheless, the court found no favorable termination, reasoning:

We believe that the legal termination requirement necessitates a judgment which deals with the factual issue of the case, whether the judgment be rendered after a trial or upon motion for summary judgment. However, it is not sufficient to simply obtain a dismissal of the opponents' complaint, for such dismissal need bear no logical relationship to the legitimacy of the assertions contained therein; therefore, such dismissal lends no credence to the claim that the assertions [in the original complaint] were baseless.

*Id.* at 108, 261 N.E.2d at 814. *See also Savage v. Seed, supra,* 81 Ill.App.3d at 748, 36 Ill.Dec. 850,

■ Applying the approach adopted by the California courts to this case, we conclude that the trial judge correctly ruled that there had been no favorable termination of *Carr v. Brown,* for purposes of establishing a cause of action for malicious prosecution. At no point during the litigation of the earlier case was a finding made that Brown was innocent of wrongful conduct. Indeed, as noted above, the decision of this court in *Carr v. Brown,* left open the possibility that Brown had acted maliciously. The court even suggested that had Carr's claim been for defamation, a cause of action would have been present.[4] Thus, the dismissal of the complaint in the previous case was manifestly not "of such a nature as to indicate the innocence of the accused," *Lackner v. LaCroix, supra,* and did not "reflect on the merits of the underlying action." *Id.* We conclude, therefore, that the termination of *Carr v. Brown,* was not favorable in the legal sense required to support an action for malicious prosecution.

### Interference with Prospective Business Advantage

#### A.

Brown's second claim on appeal is that the trial judge erred in granting appellees' motion for a directed verdict on the count of intentional interference with a prospective business advantage. We disagree.

Brown's claim of intentional interference with a prospective business advantage arose out of attempts by Brown and Carr to acquire sole ownership of property located on Lot 834 Square 24 (the property), in the West End neighborhood of the District of Columbia. At the time of the events at issue in this case, Brown was part owner of the property along with three groups of his family members. The groups were the Browns (of which Brown was a member), the Hadlocks, and Loretta Brown.

In 1971, Carr approached Brown to inquire about purchase of the property. Following this contact, a meeting was held among Carr, Brown, and the other owners. At the meeting, Brown refused to sell the property. Over the next few years, Carr made repeated offers to purchase the property but Brown refused to sell.

On March 4, 1977, the Hadlocks, seeking to sell their interest in the property and unable to reach agreement with the other owners on a price, filed a partition suit. The partition suit was set for trial on February 21, 1979.

Prior to the date of the partition suit, negotiations for purchase of the property were held between the Hadlocks and the Browns. On February 16, 1979, the Hadlocks offered to sell Brown their interest in the property for $65.00 per square foot. Whether Brown explicitly rejected this offer, it is clear that he did not immediately accept it.

At roughly the same time, William Joseph Smith, attorney for Carr, communicated to the three ownership groups an offer on behalf of his client to purchase the property. Carr offered to purchase the entire property for $90.00 per square foot, provided that an unencumbered fee simple was conveyed to him, "free of any easements or covenants that would interfere with the redevelopment of the property."

Subsequent to Carr's offer, the Hadlocks refused to sell their interest in the property to Brown for the previously offered $65.00 per square foot. In addition, Loretta Brown, who had previously opposed the partition suit, changed sides and supported it.

---

401 N.E.2d at 988 (voluntary dismissal of underlying action not a favorable termination).

**4.** The court noted, however, that a claim by Carr for defamation was barred by the one-year statute of limitations applicable to such actions. The termination in *Carr v. Brown,* was "final," therefore, only because the statute of limitations on the defamation claim had run. Consequently, this case is similar to *Lackner v. LaCroix, supra,* where dismissal of the underlying case on the ground of the statute of limitations was found not to be a favorable termination.

On April 17, 1979, the parties to the partition suit agreed to a settlement in lieu of trial. In the settlement, Brown agreed to purchase the Hadlock's interest for $75.00 per square foot. Also as part of the settlement, Brown agreed to lease Loretta Brown's interest for a period of time, and then purchase it for $72.50 per square foot.

In his complaint, Brown alleged that appellees, through Carr's February 16, 1979 offer to purchase the property, had intentionally interfered with his prospective business advantage. In effect, Brown claimed that Carr's purchase offer was designed to frustrate Brown's attempts to purchase his co-owners' fractional shares by offering a purchase price substantially in excess of market value. Brown further asserted that Carr's offer was not made in good faith because Carr knew from previous dealings with Brown that he would not agree to sell his share of the property.

At the close of Brown's evidence, appellees moved for a directed verdict on the count of interference with a prospective business advantage. This motion was granted.

### B.

The tort of intentional interference with a prospective business advantage runs "parallel to that for interference with existing contracts." W. PROSSER, LAW OF TORTS § 130, at 952 (4th ed. 1971) (footnote omitted); *see also DeKine v. District of Columbia,* 422 A.2d 981, 988 (D.C.1980) (tort falls under same rubric as interference with contractual relations) (citation omitted). To establish a prima facie case of interference with business relations, "a plaintiff must show that the interference was intentional and that there was resulting damage." *Alfred A. Altimont, Inc. v. Chatelain, Samperton & Nolan,* 374 A.2d 284, 289 (D.C.1977). In the closely related area of interference with contractual relations, we have stated that "one cannot unintentionally induce the breach of a contract." *Deoudes v. G.B. Macke Corp.,* 153 A.2d 309, 310 (D.C.1959); *see also Wal-*

*dron v. Covington,* 415 A.2d 1070, 1074 n. 11 (D.C.1980) ("[t]here is no liability for unintentional interference with contract").

■ As the trial judge in this case correctly found, Brown's claim in this case fails because he offered no evidence supporting the conclusion that appellees intentionally interfered with Brown's attempts to purchase the property from his co-owners. While evidence was introduced establishing that appellees knew of the pending partition suit, no evidence was presented that they had knowledge of the ongoing negotiations between Brown and other owners concerning settlement of the suit. Further, no evidence was presented demonstrating that appellees knew of the purchase price that had been discussed in the settlement negotiations. While Carr's offer to purchase the property may indeed have affected the course of negotiations between Brown and his co-owners, this fact alone does not establish the element of intent required to make out a prima facie case of intentional interference with a prospective business advantage.

Finally, we note that the facts of this case strongly suggest, and the trial judge so ruled, that Carr's actions were privileged because of his financial interest in purchasing the property. *See Zoby v. American Fidelity Co.,* 242 F.2d 76, 79–80 (4th Cir.1957) (where alleged interferer is a financially interested party and such interest motivates his conduct, it cannot be said that he is an officious or malicious intermeddler); *see also* W. PROSSER, *supra,* § 130, at 952 ("No case has been found in which intended but purely incidental interference resulting from pursuit of the defendant's own ends by proper means has been held to be actionable."); *Alfred A. Altimont, Inc. v. Chatelain, Samperton & Nolan, supra,* 374 A.2d at 290–91 (discussing privilege). Because we find that Brown failed to establish a prima facie case, however, we do not rule on the issue of privilege.

### Dismissal of Counterclaim

Lastly, appellant claims that the trial court abused its discretion in granting appellees' motion to dismiss the counterclaim without prejudice, and denying Brown's motion for an award of attorneys' fees and costs. These claims merit only brief discussion.

In this case, appellees filed a counterclaim, alleging that Brown had initiated litigation in this case "with the intention of and seeking to compel defendant Carr to accede to" Brown's settlement demand in a separate case pending between the parties at the same time. During discovery, Brown made extensive requests for disclosure of materials relating to the counterclaim.

Prior to trial, appellees moved under Super.Ct.Civ.R. 41(a)(2) to voluntarily dismiss the counterclaim without prejudice. In their memorandum of points and authorities, appellees explained that the motion to dismiss was filed for the "sole purpose of disposing of the outstanding discovery motions pending herein and negating any possibility of burdensome disclosure or the disclosure of confidential business information...."

Brown opposed the motion to dismiss. In so doing, Brown claimed that he would be prejudiced by dismissal of the counterclaim in two ways. First, Brown claimed, he would be prejudiced by losing the tactical advantage in pursuing his claim for malicious prosecution that would otherwise result from the opportunity to show the jury that appellees' counterclaim was meritless. Second, Brown claimed that he would be prejudiced through loss of a future cause of action against Carr for malicious prosecution arising from favorable termination of the counterclaim at trial. Brown requested that any dismissal of appellees' counterclaim be with prejudice, and that attorneys' fees and costs be assessed.

On January 8, 1982, the trial court granted appellees' motion to dismiss without prejudice, and denied Brown's request for attorneys' fees and costs.[5] Brown now claims that this ruling constituted an abuse of discretion.

Superior Ct.Civ.R. 41(a)(2) provides in pertinent part,

> an action shall not be dismissed at the plaintiff's instance save upon order of the Court and upon such terms and conditions as the Court deems proper.

We have stated that motions for voluntary dismissal under Super.Ct.Civ.R. 41(a)(2) are committed to the trial court's discretion, *D.C. Rent-a-Car Co. v. Cochran*, 463 A.2d 696, 698 (D.C.1983), and that the action of the trial court will not be reversed but for an abuse of discretion. *Autocomp, Inc. v. Publishing Computer Service, Inc.*, 331 A.2d 338, 340 (D.C.1975). Further, we have stated that in acting upon a motion to dismiss under Super.Ct.Civ.R. 41(a)(2):

> [t]he court's inquiry primarily concerns whether the defendant will be subjected to legal prejudice by the allowance. It is not enough that he may be forced to suffer the incidental annoyance of a second suit in another forum. To compel a favorable ruling the defendant must show *a real and substantial detriment.*

*D.C. Transit System v. Franklin*, 167 A.2d 357, 358–59 (D.C.1961) (emphasis added and footnote omitted).

■ In this case, Brown has failed totally to demonstrate a "real and substantial detriment," *id.*, resulting from dismissal of appellees' counterclaim. Brown's first assertion, that he would be denied a tactical advantage in his malicious prosecution claim through loss of the opportunity to litigate what he alleges to be a meritless counterclaim, is pure speculation.[6]

■ Brown's second assertion—that he was prejudiced by the dismissal because he

---

5. Brown renewed his request for attorneys' fees and costs before Judge Wagner after trial. This motion was also denied.

6. Moreover, this claim was subsequently rendered moot by the trial court's proper dismissal of Brown's claim for malicious prosecution.

lost the opportunity to bring a future action for malicious prosecution based on the allegedly "frivolous" counterclaim—is also based solely on speculation. Brown made no factual proffer to the trial judge supporting the conclusion that appellees' counterclaim would support a cause of action for malicious prosecution. Moreover, Brown's argument that he would be prejudiced by dismissal of appellees' counterclaim because he would be precluded from bringing a subsequent suit for malicious prosecution proves too much. Indeed, were we to accept this reasoning, any litigant could defeat a motion to dismiss without prejudice simply by professing the intent to sue for malicious prosecution at a later time. *Cf. Selas Corp. v. Wilshire Oil Co.*, 57 F.R.D. 3, 7 (E.D.Pa.1972) (accepting claim of prejudice based on preclusion of future suit for malicious prosecution but limiting holding narrowly to facts of the case). Thus, we find no abuse of discretion in the trial judge's order granting Carr's motion to dismiss without prejudice.[7]

*Affirmed.*

---

**7.** A request for attorneys' fees and costs is also committed to the discretion of the trial court, and action on such a request will not be reversed but for an abuse of discretion. *See* Super.Ct.Civ.R. 41(a)(2); *Raney v. D.C. Transit System, Inc.*, 166 A.2d 261, 262–63 (D.C.1960).

Here, appellant asserts no basis for a finding that the trial court abused its discretion in denying his request for an award of attorneys' fees and costs. Thus, we affirm the trial court's action on this matter.