Ernest JACKSON, Plaintiff,

v.

DISTRICT OF COLUMBIA, et al., Defendants.

Civ. No. 86–2201 (CRR).

United States District Court, District of Columbia.

April 20, 1989.

See also 672 F.Supp. 22.

**14**

Joan Harvill, Washington, D.C., for plaintiff.

Magda Lopez, Corp. Counsel's Office, Washington, D.C., for defendants.

## ORDER

CHARLES R. RICHEY, District Judge.

The plaintiff, Ernest Jackson, alleges that the defendants, the District of Columbia and Metropolitan Police Officer Herta Mullens, caused him to be arrested without probable cause. Jackson is of the view that Mullens effected his arrest solely to satisfy an arrest quota that had been instituted by the Metropolitan Police Department. Jackson brings constitutional claims, as well as claims for malicious prosecution and abuse of process.

The defendants have moved for summary judgment as to Jackson's malicious prosecution and abuse of process claims. The Court concludes, under the circumstances of this case, that summary judgment in favor of the defendants is appropriate with respect to Jackson's malicious prosecution claim, but that it is inappropriate with respect to Jackson's claim for abuse of process.

### 1. *Malicious Prosecution*

■ The threshold question in a malicious prosecution action arising in the criminal context is whether criminal proceedings were ever initiated. Absent the commencement of criminal proceedings, it obviously cannot be said that the plaintiff was ever the object of *any* "prosecution," much less a "malicious" prosecution.

The parties failed to address this question in their briefs. This failure perhaps derives from their citation to *Brown v. Carr*, 503 A.2d 1241, 1244 (D.C.App.1986), as controlling authority for this case. *Brown* arose in the context of a civil malicious prosecution claim; in a civil action, there is rarely any question of whether prior proceedings were "commenced." The filing of a civil suit, with its imposition of a duty to respond, nearly always constitutes "prosecution" for purposes of the tort. It is therefore not surprising that in reciting the elements of the tort as it exists in the District of Columbia, the *Brown* court failed to specify "commencement of proceedings" as the threshold element. Nevertheless, it is manifest that, at least in the criminal context, this issue has been the subject of a good deal of litigation. *See* Harper, James and Gray, *The Law of Torts*, § 4.3 (2d ed. 1986) (cases cited therein). The *Brown* court's discussion of the contours of the tort in the civil context may well have diverted the parties attention from that issue in this case.

With the threshold issue properly identified, the question becomes whether Jackson's arrest, standing alone, "commenced" a criminal prosecution such that liability for the tort may lie. The Court concludes that it did not.

■ In *Dellums v. Powell*, 566 F.2d 167 (D.C.Cir.1977), the Court of Appeals for this circuit looked to the interests that the tort of malicious prosecution is intended to protect, and concluded that a mere arrest, not followed by the filing of an information or the return of an indictment, will not trigger liability under that theory. The tort is primarily intended to compensate individuals for infringement of their "interest in freedom from unjustifiable and unreasonable litigation."[1] For this reason, the court determined that "a police officer who unreasonably or maliciously arrests an individual without a warrant cannot be held for malicious prosecution unless an information or indictment has been filed." *Id.* at 192 (citing *Auerbach v. Freeman*, 43

---

1. *See also* Harper, James and Gray, *id.* at § 4.2 ("The action for damages lies only because the defendant has set in motion the judicial process against the plaintiff in circumstances that are regarded as improper and unjustifiable and that, therefore, unduly subject the plaintiff to the inconvenience, expense, and in some respects, disgrace of legal proceedings.").

App.D.C. 176 (D.C.Cir.1915)). The court clearly reasoned that because an arrest—while undoubtedly traumatic and painful—does not, standing alone, subject an individual to the burdens of *litigation,* an arrest does not constitute "commencement of a criminal prosecution" for purposes of the tort of malicious prosecution.

■ The Court of Appeals' statement in *Dellums* was dictum. Nevertheless, this Court finds it persuasive, and adopts the Court of Appeals' reasoning *in toto.* As applied to the instant case, *Dellums* makes clear that the defendants' motion for summary judgment should be granted as to Jackson's malicious prosecution claim. It is undisputed that Jackson was released after spending the night in jail following his arrest. No information was filed, nor was an indictment returned: Jackson's case was dropped without further action. In short, Jackson never bore the burden of defending against unjustified litigation—the evil that the tort of malicious prosecution was intended to remedy. Accordingly, applying the reasoning of the Court of Appeals in *Dellums,* Jackson's claim for malicious prosecution must fail and the defendants' motion for summary judgment must be granted.

### 2. *Abuse of Process*

■ Defendants' motion for summary judgment as to Jackson's claim for abuse of process, however, must be denied.

The parties agree that a necessary element of an abuse of process claim is a showing that the defendant misused process in service of some separate, ulterior goal. It is Jackson's contention that Officer Mullens arrested him solely in order to satisfy her quota; this ulterior goal, he contends, is sufficient to sustain an abuse of process claim. The defendants seek to rebut this showing by reference to two facts, which they contend are essentially undisputed: (1) that a substance was taken from the car in which Jackson was arrested; and (2) that tests later proved that substance to be marijuana. According to defendants, these facts establish that Officer Mullens had probable cause to arrest Jackson, and that the arrest was therefore not intended to serve some ulterior goal.

The defendants' argument fails for two interrelated reasons. First, the fact that probable cause may have existed for Jackson's arrest (the Court assumes as much *only* for the purposes of argument) says nothing about Officer Mullens' *motives* in effecting the arrest. Actions based upon impermissible motives are not excused simply because they find legal justification elsewhere. The question is one of intent, and the existence of probable cause, while probative of intent, is not dispositive as a matter of law. Second, and relatedly, it is hornbook law that abuse of process will lie *notwithstanding* probable cause for the actions taken. *See* Harper, James and Gray, § 4.9 ("[Abuse of process] differs from malicious prosecution in that it is not necessary to show that the action in which process was used was without probable cause or that it terminated favorably to the plaintiff."). The very gist of the tort is the misuse of validly issued process, i.e., perverting the rule of law in its proper form to one's own improper, selfish ends. Accordingly, the fact that probable cause to arrest Jackson may have been present is entirely irrelevant to Jackson's claim for abuse of process, and the defendants' motion for summary judgment shall be denied.

SO ORDERED.