81 F.3d 1147
 317 U.S.App.D.C. 191
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Taiwo OKUSAMI, Appellant,
v.
PSYCHIATRIC INSTITUTE OF WASHINGTON, INC., et al., Appellees.
 No. 95-7139.
 United States Court of Appeals, District of Columbia Circuit.
 April 8, 1996.
 
 Before: WILLIAMS, RANDOLPH, and TATEL, Circuit Judges.
 
 JUDGMENT
 
 1
 Having considered the record from the United States District Court for the District of Columbia and the briefs and arguments of counsel, the court is satisfied that appropriate disposition of this case does not require a published opinion. See D.C.CIR.R. 36(b). It is
 
 
 2
 ORDERED and ADJUDGED that the district court's order filed May 17, 1995, be affirmed. To establish a claim of tortious interference with business relations under D.C. law, appellant must demonstrate that the interference was intentional. Brown v. Carr, 503 A.2d 1241, 1247 (D.C.1986). Because appellant failed to respond to appellee's motion for judgment as a matter of law or in the alternative for summary judgment with any evidence that appellees intentionally interfered with appellant's relations with patients, the district court properly disposed of counts VIII and IX of the appellant's claim. Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986).
 
 
 3
 With regard to counts I and II, the only damage appellant asserted was harm to his future employment. Plaintiff's Reply to Defendant's Motion for Judgment as a Matter of Law at 4. Like claims of interference with existing business relations, interference with prospective business advantage must be intentional to be actionable. Brown, 503 A.2d at 1247; see also Sullivan v. Heritage Foundation, 399 A.2d 856, 861 (D.C.1979). Again, appellant failed to point to any evidence indicating that appellees were motivated by any intent to interfere with any of appellant's business prospects. The only other possible basis for counts I and II is the negligent infliction of emotional distress. Such claims require that plaintiff was physically injured by the defendant's actions or was in the "zone of physical danger and was caused by the defendants' negligence to fear for his or her own safety." Williams v. Baker, 572 A.2d 1062, 1067 (D.C.1990) (in banc); see also Mackey v. United States, 8 F.3d 826, 831 (D.C.Cir.1993). Since appellant adduced no evidence that he was either physically injured or placed in any physical danger, he could not have prevailed on these grounds even had he raised them.
 
 
 4
 In issuing this order, this court notes that the failure of appellant's counsel to comply with the rules governing appeals, if repeated in the future, may result in sanctions pursuant to FED.R.APP.P. 38 and D.C.CIR.R. 38.
 
 
 5
 The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. See D.C.CIR.R. 41.