Filed 6/14/17 Unmodified version attached

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| DIRCK VAN AUDENHOVE, | |
| Plaintiff and Appellant, | E065418 |
| v. | (Super.Ct.No. RIC1504570) |
| ROBERT D. PERRY, | ORDER MODIFYING OPINION |
| Defendant and Respondent. | [NO CHANGE IN JUDGMENT] |

The opinion filed in this matter on May 19, 2017, is hereby modified as follows:

The second and third paragraphs of part III, on pages 4-5, are deleted and replaced with the following single paragraph:

"Our standard of review of an order sustaining a demurrer is well settled. We independently review the ruling on demurrer and determine de novo whether the complaint alleges facts sufficient to state a cause of action. [Citation.] In doing so, we 'give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.] . . .' [Citation.]" (*Parthemore v. Col* (2013) 221 Cal.App.4th 1372, 1378.) "We assume the truth of the properly pleaded factual allegations, facts that reasonably can be inferred from those expressly pleaded and matters of which judicial notice has been taken. [Citations.] We liberally construe the pleading with a view to substantial justice between the parties. [Citations.]" (*Regents of University of California v. Superior Court* (2013) 220 Cal.App.4th 549, 558.)

1

Except for this modification, the opinion remains unchanged.  This modification does not effect a change in judgment.

CERTIFIED FOR PUBLICATION

RAMIREZ
P. J.

We concur:

HOLLENHORST
J.

SLOUGH
J.

Filed 5/19/17 Unmodified version

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

DIRCK VAN AUDENHOVE,

      Plaintiff and Appellant,

v.

ROBERT D. PERRY,

      Defendant and Respondent.

E065418

(Super.Ct.No. RIC1504570)

OPINION

APPEAL from the Superior Court of Riverside County. John Vineyard, Judge. Affirmed.

Walker Trial Lawyers, Barry M. Walker, and Amy M. Oakden for Plaintiff and Appellant.

Hitzeman & Evenson and Donald W. Hitzeman for Defendant and Respondent.

Dirck Van Audenhove sued Robert Perry for malicious prosecution, alleging that Perry contacted the police and falsely accused him of stalking, and that the police arrested him, but the district attorney's office ultimately declined to prosecute. The trial

1

court sustained a demurrer and dismissed the action, on the ground that the complaint failed to allege a prosecution, as required for a claim of malicious prosecution.

We will hold that a cause of action for malicious prosecution cannot be premised on an arrest that does not result in formal charges (at least when the arrest is not pursuant to a warrant). Hence, we will affirm. We publish our decision because, to our surprise, we have found no California case on point. However, our conclusion seems to be generally accepted.

I

FACTUAL BACKGROUND

Consistent with the applicable standard of review (see part III, *post*), we assume the truth of the following facts, which are drawn from the allegations of the operative complaint.

During part of the year, Van Audenhove and Perry were neighbors at a recreational vehicle resort in Aguanga.

In April 2013, Perry contacted the Riverside County Sheriff's Department and falsely accused Van Audenhove of stalking both him and his wife. When an officer responded, Perry made additional statements, falsely accusing Van Audenhove of acts constituting the crime of stalking, all with the intent to cause Van Audenhove to be arrested, prosecuted, and convicted. Van Audenhove was a Canadian citizen; Perry's "ultimate intention" was to cause him to be either deported or prevented from re-entering the country.

2

As a result, the police arrested Van Audenhove for felony stalking in violation of Penal Code section 646.9, subdivision (a).  He was booked, held in jail overnight, and then released.  In June 2013, the district attorney's office concluded, "'[T]his is a neighbor dispute[,] not a stalking.'"  It therefore declined to prosecute Van Audenhove.

Perry nevertheless continued to make false and defamatory statements about Van Audenhove, including statements accusing him of stalking, "to numerous [f]ederal [a]gencies, [s]uch as Homeland Security, ICA [*sic*; sc. ICE?] and the U.S. State Department, Senator Feinstein, U.S. Congressmen and [the] U.S. Border Patrol[,] in an attempt to prevent [Van Audenhove] from re-entering the United States."

II

PROCEDURAL BACKGROUND

In 2015, Van Audenhove filed this action against Perry.  The original complaint is not in the record.  Perry filed a demurrer to the complaint, which likewise is not in the record.  The trial court sustained the demurrer, with leave to amend.

Van Audenhove then filed a first amended complaint, asserting a single cause of action for malicious prosecution.  Perry filed a demurrer to the first amended complaint on several grounds, including that it failed to allege that Van Audenhove was ever prosecuted.  In opposition,[1] Van Audenhove argued that the filing of charges is not an element of malicious prosecution, and that "[a]ll that is required in actions for malicious

---

[1]     The opposition was filed late, but the trial court evidently exercised its discretion in favor of considering it.  (See Cal. Rules of Court, rule 3.1300(d).)

3

prosecution against private persons is that the defendant has sought out the police or prosecutorial authorities and falsely reported facts indicating that [the] plaintiff has committed a crime."

After hearing argument, the trial court sustained the demurrer without leave to amend. It explained: "[T]here was no actual prosecution and thus [the] claim for malicious prosecution is missing a key element." It entered a judgment of dismissal.

III

STANDARD OF REVIEW

A demurrer should be sustained when "[t]he pleading does not state facts sufficient to constitute a cause of action." (Code Civ. Proc., § 430.10, subd. (e).)

"Our standard of review of an order sustaining a demurrer is well settled. We independently review the ruling on demurrer and determine de novo whether the complaint alleges facts sufficient to state a cause of action. [Citation.] In doing so, we 'give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.] Further, we treat the demurrer as admitting all material facts properly pleaded, but do not assume the truth of contentions, deductions or conclusions of law. [Citations.]' [Citation.]" (*Parthemore v. Col* (2013) 221 Cal.App.4th 1372, 1378.)

"We independently review the superior court's ruling on a demurrer and determine de novo whether the complaint alleges facts sufficient to state a cause of action or discloses a complete defense. [Citations.] We assume the truth of the properly pleaded

4

factual allegations, facts that reasonably can be inferred from those expressly pleaded and matters of which judicial notice has been taken. [Citations.] We liberally construe the pleading with a view to substantial justice between the parties. [Citations.]" (*Regents of University of California v. Superior Court* (2013) 220 Cal.App.4th 549, 558.)

IV

THE "PROSECUTION" ELEMENT OF MALICIOUS PROSECUTION

Van Audenhove contends that malicious prosecution, when based on an underlying criminal proceeding, does not require the filing of formal charges, and therefore his arrest was sufficient to satisfy the "prosecution" element.

This appears to be a question of first impression in California. This can hardly be the first time that a person has falsely accused another person of a crime and succeeded in getting the other person arrested, but not in getting the other person prosecuted. Thus, the very lack of authority on this issue is telling. However, language in the case law points to a general understanding that an arrest, without formal charges, is not a sufficient foundation for a malicious prosecution claim.

"'[I]n order to establish a cause of action for malicious prosecution of either a criminal or civil proceeding, a plaintiff must demonstrate "that the prior action (1) was commenced by or at the direction of the defendant and was pursued to a legal termination in his, plaintiff's, favor [citations]; (2) was brought without probable cause [citations]; and (3) was initiated with malice [citations]."' [Citation.]" (*Casa Herrera, Inc. v. Beydoun* (2004) 32 Cal.4th 336, 341.)

5

Included in this definition is a requirement of an "action" or a "proceeding," which must have been first "commenced" and then "favor[ably]" "terminat[ed]." Admittedly, this definition has been stretched to accommodate analogous situations. (See *Zamos v. Stroud* (2004) 32 Cal.4th 958, 960, 965-970 [malicious prosecution action can be based on continuing, as well as initiating, an action]; *Hardy v. Vial* (1957) 48 Cal.2d 577, 580-582 [malicious prosecution action can be based on an administrative proceeding]; but see *Bertero v. National General Corp.* (1974) 13 Cal.3d 43, 52 ["[C]ourts have refused to recognize a tort of malicious defense."].) Nevertheless, an arrest does not fit within this definition. An arrest is not a proceeding. Moreover, a favorable termination is one that "indicate[s] the innocence of the accused . . . ." (*Jaffe v. Stone* (1941) 18 Cal.2d 146, 150.) However, release from arrest does not necessarily indicate innocence; the arrestee may yet be prosecuted.

In *Singleton v. Perry* (1955) 45 Cal.2d 489, the Supreme Court contrasted malicious prosecution with false imprisonment: ""False imprisonment is the unlawful violation of the personal liberty of another" [citation], the interference with the personal liberty of the plaintiff in a way which is absolutely *unlawful* and without authority. Malicious prosecution is procuring the arrest or prosecution of another under *lawful* process, but from malicious motives and without probable cause. [¶] . . . [¶]

"'*No one can recover damages for a legal arrest and conviction; therefore, in cases of malicious prosecution it becomes necessary to await the final determination of the action*. But the same principle does not apply to an action for false imprisonment, as

6

the form of action is based upon an illegal arrest and no matter *ex post facto* can legalize an act which was illegal at the time it was done.  From this it will be seen that one of the essential elements of a complaint for malicious prosecution is that the proceeding upon which it is based has finally terminated in favor of the plaintiff, while it is equally apparent that this is not a necessary or proper allegation in an action for false imprisonment.  [Citations.]'  [Citations.]" (*Singleton v. Perry*, *supra*, 45 Cal.2d at pp. 494-495, some italics in orig., some italics added.)

*Singleton* thus suggests that, when there is a legal arrest, the arrestee does not yet have a cause of action for either false imprisonment or malicious prosecution; later, however, if a criminal action is filed, and if there is a favorable termination of that action, the arrestee's cause of action for malicious prosecution becomes ripe, and the damages available relate back to the arrest.  Here, the arrest was clearly legal in this sense, because the arresting officer had probable cause, based on Perry's statements, even though those statements were false and malicious.  (Pen. Code, § 836, subd. (a); *Cummings v. Fire Ins. Exchange* (1988) 202 Cal.App.3d 1407, 1422 [allegations that plaintiff's arrest was based on false and malicious report to authorities failed to show false arrest].)  And *Singleton* rules out recovery for a legal arrest standing alone.

In *County of Los Angeles v. Superior Court* (2000) 78 Cal.App.4th 212, the court stated:  "False imprisonment ends at the point malicious prosecution begins[,] which . . . is the point at which the person is arraigned." (*Id*. at p. 221.)  In support, it cited *Asgari v. City of Los Angeles* (1997) 15 Cal.4th 744.  (*County of Los Angeles*, *supra*, at p. 221.)

7

In *Asgari*, the plaintiff sued for false arrest, claiming that the arresting officers and their informants had framed him. (*Asgari v. City of Los Angeles*, *supra*, 15 Cal.4th at pp. 749-750.) The Supreme Court held that the officers could not be held liable for any damages accruing after the plaintiff's arraignment, because (1) any false arrest ended once he was arraigned and was therefore held under lawful process (*id*. at p. 757), and (2) the officers had statutory immunity for malicious prosecution (*id*. at pp. 748, 752-759).

Admittedly, both *County of Los Angeles* and *Asgari* involved an *unlawful* arrest by *public entity* defendants. Thus, there is room for an argument that they are not controlling in our case, which involves a *lawful* arrest at the behest of a *private individual*. Nevertheless, once again, they manifest the general understanding that an arrest alone is not malicious prosecution.

We acknowledge that there is also some authority, which, although not directly applicable here, suggests that an arrest pursuant to warrant might constitute malicious prosecution. Even if so, however, a warrantless arrest would not.

First, Penal Code section 804, as relevant here, provides:

"[F]or the purpose of this chapter, prosecution for an offense is commenced when any of the following occurs:

"(a) An indictment or information is filed.

"(b) A complaint is filed charging a misdemeanor or infraction.

"(c) The defendant is arraigned on a complaint that charges the defendant with a felony.

8

"(d)  An arrest warrant or bench warrant is issued . . . ."

Admittedly, this definition does not purport to apply to the tort of malicious prosecution.  By its terms, it applies only "for the purpose of this chapter" — i.e., chapter 2 of the Penal Code entitled, "Time of Commencing Criminal Actions." Nevertheless, it is some indication of what the "commencement" of a "prosecution" means to criminal practitioners.

Second, some cases define malicious prosecution so as to include an "arrest" pursuant to "process."  For example, in *Sullivan v. County of Los Angeles* (1974) 12 Cal.3d 710, the Supreme Court said:  "Malicious prosecution 'consists of initiating or procuring the arrest *and* prosecution of another under *lawful process* but from *malicious motives* and *without probable cause*. . . .  [Citation.] . . .' [Citation.]"  (*Id*. at p. 720, first italics added.)  And in *Singleton v. Perry*, *supra*, 45 Cal.2d 489, it said:  "Malicious prosecution is procuring the arrest *or* prosecution of another under lawful process, but from malicious motives and without probable cause."  (*Id*. at p. 494, italics added.)  An arrest warrant constitutes criminal process.  (Black's Law Dict. (10th ed. 2014) Process, def. 1.)

Under the Restatement of Torts, a private person institutes a criminal proceeding, as required for malicious prosecution (Rest., Torts, § 653), "when

"(a)  process is issued for the purpose of bringing the person accused of a criminal offense before an official or tribunal whose function is to determine whether the accused

"(i)  shall be held for later determination of his guilt or innocence, or

9

"(ii) is guilty of the offense charged, or

"(b) without the issuance of such process a grand jury returns an indictment or a public prosecutor files an information against him." (Rest., Torts, § 654.)

As the comment explains: "In all of these cases official action has been taken which constitutes a formal charge of criminal misconduct against the person accused." (Rest., Torts, § 654, com. a, pp. 389-390.) "Process," for this purpose, includes an arrest warrant. (*Ibid*.) However, it would not include a warrantless arrest. (*Blenn v. Morrill* (1939) 90 N.H. 109 [5 A.2d 42, 44].) At least one California case has cited section 654 of the Restatement of Torts as authoritative (albeit on a somewhat different issue). (*Ferraris v. Levy* (1963) 223 Cal.App.2d 408, 412.)

In the interest of full disclosure, we note that under the Restatement Second of Torts (Second Restatement), the exact opposite result would obtain. The Second Restatement says that, for purposes of malicious prosecution, one of the ways in which criminal proceedings can be instituted is when a person "is lawfully arrested on a criminal charge." (Rest.2d Torts, § 654(2)(c).)

According to the comment: "Even without the issuance of any process, or indictment or information, criminal proceedings may be instituted by lawful and valid arrest of the accused on a criminal charge. If the arrest is not a valid one, an action for malicious prosecution will not lie unless some further step is taken, such as bringing the accused before a magistrate for determination whether he is to be held. If there is nothing more than the false arrest and the accused is released without any further proceeding, his

10

remedy is an action for false imprisonment. [Citation.] If the arrest is valid and lawful, false imprisonment will not lie. But the arrest is then an initial step in a criminal proceeding; and if it is made or instigated without probable cause, the remedy is by an action for malicious prosecution." (Rest.2d Torts, § 654, com. e, p. 413.)

The illustration given in the Second Restatement sounds remarkably like our case: "A, maliciously and without probable cause, informs a police officer that B has committed a felony. Acting on this information, the officer makes a valid arrest of B. He then discovers that B is innocent and releases him without any further steps to prosecute him. A is subject to liability to B for malicious prosecution." (Rest.2d Torts, § 654, illus. 1, p. 413.)

In this instance, however, we do not find the Second Restatement persuasive. Its drafters admitted that they found *no cases* supporting their proposed new rule. (Rest.2d Torts, Reporter's Notes (Tent. Draft No. 13, 1967), § 654, p. 149, quoted in Harper, James & Gray on Torts (3d ed. 2006) § 4.3 at pp. 460-461, fn. 1.)[2] Rather, they made the

---

[2]     Since the Second Restatement was promulgated, at least one state has followed its new rule (*French v. French* (Tex.Ct.App. 2012) 385 S.W.3d 61, 70); others have set it forth in dictum (*Stead-Bowers v. Langley* (Minn.Ct.App. 2001) 636 N.W.2d 334, 339; *Zamora v. Creamland Dairies, Inc.* (N.M. Ct. App. 1987) 106 N.M. 628, 632 [747 P.2d 923, 927]; *Gallucci v. Phillips & Jacobs, Inc.* (1992) 418 Pa.Super. 306, 317 [614 A.2d 284, 290]).

Still other states, however, continue to hold that an arrest without any formal charges will not support a claim for malicious prosecution. (*Jackson v. District of Columbia* (D.D.C. 1989) 710 F.Supp. 13, 14-15; *Standard v. Falstad* (2015) 334 Ga.App. 444, 447 [779 S.E.2d 682, 685]; *Mulligan v. Bradley* (1985) 131 Ill.App.3d 513, 516 [475 N.E.2d 1029, 1032].)

change out of their own sense of fairness and justice: "'It is the feeling of the Council, in which the Reporter joins, that the plaintiff must have a remedy. It cannot be false imprisonment, since the arrest itself is lawful and valid. It must be malicious prosecution.'" (*Ibid.*)

Van Audenhove makes a similar appeal to fairness and justice. He notes that the litigation privilege shields a report of a crime to the police, even if made with malice. (*Hagberg v. California Federal Bank* (2004) 32 Cal.4th 350, 364.) Moreover, the litigation privilege applies to all torts, including false imprisonment, with the sole exception of malicious prosecution. (*Id.* at p. 375.) "'[M]alicious prosecution actions are permitted because "[t]he policy of encouraging free access to the courts . . . is outweighed by the policy of affording redress for individual wrongs when the requirements of favorable termination, lack of probable cause, and malice are satisfied."' [Citation.]" (*Ibid.*) Thus, he claims that, if he cannot sue for malicious prosecution, he has no other remedy.

This assumes, however, that Van Audenhove would have a meritorious claim for false imprisonment, if only there were no litigation privilege. As already discussed, however, he does not have such a claim, because the police had probable cause.

Interestingly, while the litigation privilege does not support Van Audenhove's argument, it does undermine the reasoning behind the Second Restatement rule. The drafters of the Second Restatement had in mind the principle that "[f]or every wrong there is a remedy." (Civ. Code, § 3523.) However, that is not the case when the conduct

12

constituting the supposed wrong is privileged for public policy reasons. In the instance of the litigation privilege, California has determined to promote free and uninhibited reports to the police, at the expense of permitting some false reports that result in an arrest. As Van Audenhove points out, requiring something more than an arrest as the basis for a malicious prosecution action, in effect, broadens the litigation privilege. In our view, it simply ensures that such free and uninhibited reports are promoted and protected regardless of whether the victim of a false report sues for false arrest or malicious prosecution.

Van Audenhove also argues that it is "arbitrary, unfounded and contrary to the interests of justice" for his right to relief to turn on whether "the District Attorney determined early on that the criminal allegations were without merit." However, it does not turn on what the prosecutor determines — it turns on whether a court gets involved. The prosecution element of malicious prosecution sets up a bright-line test. Before charges are filed, the actions of the police and the prosecutor are merely investigatory. (Cf. *Brody v. Montalbano* (1978) 87 Cal.App.3d 725, 736-737 [insufficient evidence of malicious prosecution where board of education hearing was "primarily investigatory" and "a prelude to further more formal administrative proceedings."].) After charges are filed, the actions of the court are fully adjudicatory. It is up to the court to determine whether the charges are well-founded; the court's determination that they are not constitutes a favorable termination for purposes of malicious prosecution. "[T]he prosecutor may not unilaterally abandon a prosecution [citation]; only the court may

dismiss a criminal charge [citations]." (*Steen v. Appellate Division of Superior Court* (2014) 59 Cal.4th 1045, 1055.)  Even assuming that an arrest pursuant to warrant can constitute a prosecution,[3] a warrant requires a magistrate, and thus triggers some adjudicatory involvement by a court.

Finally, Van Audenhove's additional allegations that Perry made false statements about him to various federal authorities also do not allege a prosecution.  And Van Audenhove does not claim that he stated a cause of action for defamation (which was most likely barred by the statute of limitations in any event).

We therefore conclude that the trial court correctly sustained the demurrer to the complaint for malicious prosecution based on its failure to allege a prosecution.

V

DISPOSITION

The judgment is affirmed.  Perry is awarded costs on appeal against Van Audenhove.

CERTIFIED FOR PUBLICATION

RAMIREZ_____
                                                                                        P. J.

We concur:

HOLLENHORST_____J.
SLOUGH_____J.

---

**3**      We need not decide this question.  The complaint does not allege that Van Audenhove was arrested pursuant to a warrant, and he has not requested leave to amend his complaint.

14